## The State v. Fleak.

1. **Evidence:** FOREIGN JUDGMENT: IMPEACHMENT OF. Where, in defense to an indictment for adultery, the defendant offered in evidence a decree of divorce obtained in the territory of Utah, it was held that parol evidence was admissible on the part of the State to show that the court granting the decree had no jurisdiction.

*Appeal from Guthrie District Court.*

### TUESDAY, OCTOBER 5.

INDICTMENT for adultery; verdict, not guilty; judgment, and the State appeals.

*J. F. McJunkin, Attorney General,* and *William Connor, District Attorney,* for the State.

No appearance for appellee.

SEEVERS, J.—The State introduced evidence tending to establish that the defendant was guilty as charged in the indictment. The defendant offered in evidence the following:

*"United States of America: In the Probate Court in and for Salt Lake county, in the Territory of Utah.*

"JUNE TERM,
"August 20, A. D. 1877.

"Holden at Salt Lake City, in the said county of Salt Lake, and Territory of Utah.         "HON. E. SMITH,
                                                    *"Probate Judge.*

"HENRY CLAY FLEAK,
            *Plaintiff,*
       v.                    } *Decree of Divorce.*
MARIA LOUIZA FLEAK,
            *Defendant.*

"The cause comes on for hearing in the probate court in and for the county of Salt Lake, Territory of Utah, during

the June term of said court, to-wit: On the 20th day of August, A. D. 1877, upon the petition of the plaintiff herein, the said Henry Clay Fleak, and the evidence adduced, and it appearing to the satisfaction of the court that said defendant had absented herself without reasonable cause for more than one year, to-wit: for a period of ten years next preceding the commencement of this action, by which she has forefeited her right to receive a proper and timely warning of the pendency of the action as provided for in section 1154 of the compiled laws for 1876.

"And upon investigation thereof, the court, being fully advised in the premises, finds:

"That plaintiff and defendant are husband and wife; that plaintiff's petition is made in sincerity, and of his own free will and choice, and for the purpose therein set forth, that the complainant is the injured party, and that his claims are just and well founded.

"And it further appearing from the proceedings and proof that all the material allegations of the complainant are sustained, and that said parties cannot live in peace and union together, and their welfare requires a separation; and that the matters alleged are true, and the same being sufficient in law to entitle the plaintiff to the relief prayed for in his complaint.

"It is, therefore, ordered, adjudged and decreed, and this court, by virtue of the power and authority therein vested, and in pursuance of the statutes in such case made and provided, does order, adjudge and decree, that the marriage between the said plaintiff, Henry Clay Fleak, and the said defendant, Maria Louiza Fleak, be dissolved, and the same is hereby dissolved accordingly, and the said parties are, and each of them is, divorced, freed, and absolutely relieved from the bonds of matrimony, and all the obligations thereof, as by said marriage contracted and enjoined; said marriage being declared void, is hereby completely annulled, and all and every right and duty pertaining to said parties by reason of

said marriage shall henceforth cease and determine, and they are each at liberty to marry again without let or hindrance of law. "E. SMITH, *Probate Judge.*"

To the foregoing the State objected because,

*First.* It did not appear the Utah court had jurisdiction, or that such court had general jurisdiction.

*Second.* It did not appear that the defendant was ever personally within the jurisdiction of said court, or that he was ever a resident of said territory.

*Third.* It has not been shown the defendant is the same person mentioned in said decree, and,

*Fourth.* It appears upon the face of the decree the court did not have jurisdiction of the defendant therein named.

The objections were overruled and the decree admitted in evidence.

Whereupon the State offered evidence for the purpose of establishing that the defendant, during the year 1877, was a resident of the State of Iowa, and that for ten years preceding 1879 the defendant had been a resident of Iowa, except about seven months during the year 1873.

To the foregoing evidence the defendant objected, and the same was excluded by the court, and the jury instructed that, as to any alleged acts of adultery since the Utah divorce, the decree was an absolute bar. The laws of Utah were not introduced in evidence, and the decree of the Utah court does not on its face show affirmatively the court had jurisdiction, or that either of the parties were residents of said territory.

It has been held, in an action on a judgment or decree rendered in another State, that it was competent to establish by parol the court had no jurisdiction. *Lowe v. Lowe,* 40 Iowa, 220; *Webster v. Hunter,* 50 Id., 215.

As the evidence offered to be introduced by the State would have tended to show the Utah court did not have jurisdiction, the District Court erred in rejecting it.

If there was no jurisdiction the decree was absolutely void,

and the defendant guilty if the allegations in the indictment were established to the satisfaction of the jury. *Whitcomb v. Whitcomb*, 46 Iowa, 437; *State v. Whitcomb*, 52 Id., 85.

It was held in *The People v. Smith*, 13 Hun, 414; *Hood v. The State*, 56 Ind., 263, and *Letowich v. Letowich*, 19 Kan., 451, that a Utah divorce obtained without jurisdiction, or where neither party was a resident of the territory, was absolutely void.

REVERSED.