VAN ORSDAL v. VAN ORSDAL.

67 35
92 726

1. **Divorce in Sister State:** VALIDITY OF IN IOWA. Where the laws of a sister state relating to the subject of divorce are substantially like those of this state, a decree of divorce regularly obtained in such state will be regarded as valid in this state.

2. ————: SUBSEQUENT ACTION FOR ALIMONY IN IOWA. Where a husband has procured a valid divorce from his wife in a sister state, if it be admitted that the wife, always a resident of this state, might subsequently maintain an action for alimony out of property found in this state, the rule could apply only to property which the husband owned at the time of the divorce, and not to what he subsequently acquired.

*Appeal from Henry Circuit Court.*

FRIDAY, SEPTEMBER 25.

ACTION for a divorce and alimony. The defendant pleaded that in May, 1880, he was granted a divorce from the plaintiff by a court of competent jurisdiction in the state of Nebraska, of which state he was then, and for some time prior thereto, had been a resident. In an amendment to her petition, the defendant pleaded that the divorce was fraudulently obtained, and that it was void because the Nebraska court had no jurisdiction over her when the decree granting the divorce was rendered. The court found that the plaintiff was entitled to a divorce and alimony, and a decree was accordingly entered. The defendant appeals.

*Woolson & Babb*, for appellant.

*L. G. & L. A. Palmer*, for appellee.

SEEVERS, J.—I. The parties were married in this state in 1878, and the plaintiff has at all times since then been a resident of this state. On the same day the marriage took place the defendant left Iowa and became a resident of Nebraska, and in May,

1. DIVORCE in sister state: validity of in Iowa.

1880, he obtained a divorce from the plaintiff in that state. Notice of the application of such divorce was personally served on the plaintiff in this state, but she failed to appear or make any defense. There is no sufficient evidence that such divorce was obtained by fraud, and it is deemed sufficient to say, without referring to the evidence, that the decree of divorce granted in Nebraska must be recognized as valid in that state. Counsel for the appellee do not claim otherwise. Their contention is that, although the divorce granted in Nebraska may be valid in that state, yet it is invalid in Iowa, and this is the material question to be determined. The policy and laws of the two states are substantially the same as to the mode of procedure that may be adopted to obtain a divorce; that is to say, it is provided by statute in both states that a divorce may be obtained by a resident from a non-resident by service of a notice by publication, or by a personal service on the defendant in some other state or country. This being so, what effect should be given to the Nebraska divorce in the courts of this state? This has been a fruitful subject of discussion by the text writers, and in the courts of this country. It will be conceded that the authorities are not entirely in accord. The whole subject has been exhaustively discussed in text-books, and by judges of learning and ability. We therefore do not deem it necessary to state any reasons in support of the conclusion reached, which is, that as the divorce granted in Nebraska is valid there, it must be regarded as valid here. In support of this conclusion we refer to chapter 92, Bish. Mar. & Div., and authorities cited in notes.

II. Counsel for appellee insist that, notwithstanding the Nebraska divorce is valid, yet the plaintiff may be awarded alimony in this state out of property found here. Conceding this to be true and applicable in a certain class of cases, we feel sure that the rule cannot apply to the case at bar. The divorce was granted, as has been said, in May, 1880. In November, 1881, the

2. ——— : subsequent action for alimony in Iowa.

defendant's father died .in this state, possessed of certain property, which the defendant inherited. Now, while it may be that the plaintiff might be entitled to alimony if the defendant had owned property in the state at the time the divorce was procured in Nebraska, she cannot be so entitled because he has subsequently acquired property. The plaintiff, if entitled to alimony, was so entitled at the time the divorce was granted. The relation of husband and wife then ceased, and neither party is entitled to any share of or interest in property which may be subsequently acquired.

The judgment of the circuit court is reversed, and the case remanded to that court with directions to dismiss the petition, or the defendant at his option may have a decree in this court.

REVERSED.