NEFF v. BEAUCHAMP.

**Divorce:** DECREE IN NEBRASKA WITHOUT JURISDICTION: COLLATERAL ATTACK IN IOWA. In an application by plaintiff for the admeasurement of his dower in his deceased wife's land, it was alleged in answer that his wife had been divorced from him by a decree rendered in Nebraska. *Held* that it was competent for him to assail the decree by showing that it was rendered without jurisdiction, and that a demurrer to a reply setting up facts showing such want of jurisdiction was properly overruled. (See authorities cited in opinion.)

*Appeal from Page District Court.*

FILED, MARCH 9, 1888.

THIS is an action for the admeasurement of dower, or the setting apart of the distributive share of the husband in the real estate of his deceased wife. There was a petition, answer and reply. A demurrer to the reply was overruled, and defendant appeals.

*J. L. Bachelor*, for appellant.

No appearance for appellee.

ROTHROCK, J.—It is averred in the petition that the plaintiff and one Sarah A. Griffith were married in March, 1869, and that the marriage relation existed between them until February, 1887, when she died, seized in fee of certain land ; that defendant claims an interest therein, but that such interest is inferior to plaintiff's distributive share or dower right, which he prays may be admeasured and set off to him. The defendant, by his answer, denied that the marriage relation existed between plaintiff and Sarah A. Griffith at the time of her death. He averred that on the fifth day of December, 1885, the said Sarah, who was then the wife of the plaintiff, was divorced from him in the district court of Antelope county, Nebraska, and that in September, 1886, the said Sarah and the defendant were married and continued to be husband and wife until her death. To this answer the plaintiff replied as follows : "That said alleged divorce, if granted, is void as against his claim for dower, for the reason that said alleged divorce was obtained by fraud in this': that neither Sarah A. Neff, nor plaintiff herein, were at any time residents of Nebraska ; nor was their marriage solemnized in that state ; refers to section seven, chapter thirty-six, Statute of Nebraska, requiring six months' residence of applicants to obtain a divorce, when the marriage was not in that state ; that said Sarah, for the purpose of obtaining a divorce, temporarily left her residence in Page county, and went to Antelope county, Nebraska, and there located till December, 1885, then returned to Page county ; that plaintiff had no knowledge of such divorce proceedings, and did not appear therein. Denies that defendant was lawfully married to said Sarah A. Neff. Prays that the Nebraska divorce be held null and void, as far as plaintiff's claim in this suit is concerned. Denies that the Nebraska court had jurisdiction of such divorce suit, because of the alleged

fraud." The demurrer is to the effect that the district court in Nebraska, having heard and passed upon the sufficiency of the evidence of said applicant for divorce, and her residence in that state, that court had jurisdiction of the suit; and that the record and judgment of that court cannot be questioned in a collateral proceeding.

We have set out the reply in full, because, for the purposes of the demurrer, the material averments of the reply must be taken to be true. We have, then, this question : The laws of Nebraska required a residence of six months, in order to acquire the right to make application for a divorce. The said Sarah left her home in this state, and went to Nebraska temporarily *and for the purpose of obtaining* a divorce, and, when it was procured, she returned to Iowa. In the case of *State v. Fleak*, 54 Iowa, 429, the defendant was indicted for the crime of adultery. He offered in evidence a judicial decree of the territory of Utah, which showed that he had been divorced from his wife in the year 1877. Thereupon the state offered evidence to the effect that the defendant during the year 1877 was a resident of the state of Iowa, and that for ten years preceding 1879 he was a resident of Iowa, except about seven months during the year 1873. It was held that this was proper evidence, upon the ground that it is competent to establish by parol that a judgment or decree rendered in another state is void for want of jurisdiction in the court rendering it. That case would seem to be decisive of this. If the court rendering the decree had no jurisdiction, the decree was absolutely void from the beginning. *Whitcomb v. Whitcomb*, 46 Iowa, 437 ; *State v. Whitcomb*, 52 Iowa, 85. And in *Thompson v. Whitman*, 18 Wall. 457, it was held that a judgment of a state court may be collaterally assailed in the court of another state by showing that it was rendered without jurisdiction.

The demurrer to the reply was correctly overruled.

AFFIRMED.