LULU B. SHAW v. CLAUD H. SHAW, Appellant.

**Temporary Alimony.** An application for temporary alimony is resisted, a sworn answer asserting that defendant has obtained a divorce in a sister state, while a good faith resident of said state, and setting out the decree. A sworn reply alleges that the divorce was fraudulently obtained. *Held*, there can be no allowance for temporary alimony unless the marital relation be admitted or proven. Said sworn reply without more did not overcome the answer and the presumption raised by the decree. The application should not be granted until the decree is in some manner set aside, or facts shown here that render it, presumably, invalid.

*Appeal from Monroe District Court.*—HON. W. D. TISDALE, Judge.

MONDAY, DECEMBER 17, 1894.

APPLICATION for an allowance of temporary alimony. Allowance of one hundred and ten dollars ordered paid plaintiff. Defendant appeals.—*Reversed.*

PLAINTIFF filed her petition, in which she alleged that she was married to defendant in January, 1889, in Wapello county, Iowa; that in June, 1889, a son was born as the fruit of said marriage, who is living and being supported by her; that defendant, without just cause of excuse, abandoned and left her within twelve hours after their marriage, and has ever since absented himself from her; that she was pregnant by defendant at the time of said marriage, which defendant well knew, but, to shield himself from punishment for seduction, he fraudulently promised and agreed that, if plaintiff would marry him, he would be a faithful and dutiful husband to her; that, relying upon said promises, she consented to enter into the marriage contract; that, in truth, the defendant at the time merely intended to marry her to protect himself, and did not expect to live

with her as his wife. She also avers that she is without means to support herself, and that he has never contributed anything to the support of her child or herself, and declares his determination not to live with her. Other necessary allegations are made, and alimony claimed in the sum of three thousand dollars. The defendant, answering the petition, admits the marriage, but says it was procured through force, fraud, and threats of plaintiff and her relatives and friends; admits that he left her, and has ever since lived apart from her, and denies all other allegations of the petition. For an affirmative defense and a plea in abatement, he avers that for several years prior to said marriage, and afterward, until about April, 1892, he lived in Mahaska county, Iowa; that, about said date, he took up his permanent residence in Dickenson, Stark county, N. D., which has ever since been his permanent place of abode, and that he expects to continue it as such hereafter; that on July 16, 1892, he instituted proceedings in the district court of said county and state against plaintiff for a divorce and annulment of said marriage, and, she being a nonresident of said state, notice of said action was duly served by publication in a newspaper, as required by the statute of said state, and a copy of the complaint and summons was sent to her by registered letter mailed to Albia, Iowa, as provided by the statutes of said state, and as directed by said court; that, upon completed service of said summons and notice, the cause was heard, and the defendant made default; and on December 19, 1892, a decree was entered granting plaintiff a divorce from defendant, and said marriage annulled, and defendant freed from all obligations arising by reason of said marriage. Other allegations were made relating to his property, which are not material to the questions presented on this appeal. In a reply, plaintiff sets out a copy of the petition and decree in the divorce suit, from which it

appears that the petition charged that the defendant therein procured plaintiff's consent to said marriage by false representations and charges that he had seduced her; that he was made intoxicated by her friends, and was so when said marriage took place; that under the threat of being prosecuted for seduction, a crime of which he was not guilty, he was induced to marry the defendant; that, at and prior to said marriage, defendant was a woman of loose character and unchaste, and was then pregnant by another man. The defendant therein, being the plaintiff herein, in said reply denies all of the allegations upon which said divorce was granted, and avers that said decree was obtained through fraud on part of the plaintiff therein; that the Dakota court had no jurisdiction of the parties; that the plaintiff therein was not a good faith resident of said state before the divorce was granted; and that the decree was fraudulently procured upon false charges and testimony, known to be such to said plaintiff at the time. On the application of plaintiff herein for temporary alimony, the court ordered that plaintiff be allowed the sum of one hundred and ten dollars, and made an order for the payment of the same. From this action of the court the defendant appeals.

*Daniel Anderson* and *D. M. Anderson* for appellant.

*T. B. Perry* for appellee.

KINNE, J.—I. This case presents the question as to whether an allowance for temporary alimony can properly be made in a case where the existence of the marriage relation is neither admitted nor proven. As a general rule, the allowance of alimony, either temporary or permanent, is based upon the existence of the marital relation; and, if such relation is not admitted or established by satisfactory evidence, there can be no allowance made. *McFarland v. McFar-*

*land,* 51 Iowa, 567, 2 N. W. Rep, 269; *York v. York,* 34 Iowa, 530; *Smith v. Smith,* 61 Iowa, 140, 15 N. W. Rep. 867; *Blythe v. Blythe,* 25 Iowa, 268; *Wilson v. Wilson,* 49 Iowa, 545; Schouler, Husb. & Wife, sections 551–553; 2 Bish. Mar. & Div., section 924. In this case the relation is not admitted, and unless it has been proven to exist, by satisfactory evidence, the court below erred in making the order. The question suggests itself as to whether this relation must be conclusively established, or may the court make an allowance for temporary alimony when the pleadings and other proofs adduced presumptively establish the existence of this relation? This question has received attention from able courts, and the rule stated that the court has the power, from the pleadings, affidavits, and other proofs presented to it, to pass upon the question for the purposes of the application, and is not bound by the allegations of the petition and the denials of the answer, if other proofs submitted to it make out a fair presumption of the fact of the existence of the marriage relation. *Brinkley v. Brinkley,* 50 N. Y. 194; *Collins v. Collins,* 71 N. Y. 273; *Bardin v. Bardin,* 56 N. W. Rep. (S. D.) 1069; *Freeman v. Freeman,* 23 Atl. Rep. (N. J. Ch.) 113. This rule has been applied in the following cases: Where the applicant was alleged to have had another husband living, with whom a marriage contract existed, though the applicant had reason to believe, and did believe, that the former husband was dead; and where it was contended that though the applicant had a husband by a prior marriage living, still such marriage was void, because of incapacity of one of the contracting parties. We have found no case where the facts were like the case at bar where the rule has been applied. We discover no reason, however, why the rule should not be held applicable to the case at bar. What, then, is the situation? The existence of the marriage relation is

denied.   The fact that it does not exist is established, *prima facie* at least, by the proceedings and decree of the North Dakota court.   That decree, so far as this record discloses, was duly rendered.   The court had jurisdiction of both the subject-matter and of the parties.   There is no claim even that a copy of the summons and complaint was not served upon and received by the defendant therein in ample time for her to have made defense to the action had she seen fit so to do. No question is made as to the jurisdiction of the court over the subject-matter of the action.   Its jurisdiction over the persons is denied, because it is alleged that the plaintiff therein was not a resident of the state of North Dakota, in good faith, prior to the time the decree was entered.   Not a particle of proof is adduced to sustain this claim except as it is set out in the reply, which is verified.   The answer, which pleaded the decree, notice, and other facts, was also verified; and therein the fact of the necessary residence was expressly set forth.   The claim of the defendant herein as to his residence in North Dakota finds support in the proceedings, findings, and decree of the Dakota court, while plaintiff's claim in that respect has no support except in the allegations of her reply.   Surely, it can not be claimed that, under such circumstances, the claimed want of jurisdiction over the parties has been made out by a fair presumption from the proofs adduced.   Her sworn statement, without more, can not overcome defendant's sworn answer and the presumptions arising from a solemn decree rendered in due form of law.   Plaintiff herein also attacks the decree of the North Dakota court as having been obtained by fraud and false testimony.   No evidence is adduced by her to sustain this claim except her sworn reply.   That can not be held sufficient to overcome the sworn averments of the answer and the recitals of the decree.   In this case, as in *VanOrsdal v.   VanOrsdal*, 67 Iowa, 35,

24 N. W. Rep. 579, there is no sufficient evidence that the divorce was obtained by fraud or false testimony. It follows, therefore, that the North Dakota decree, so far as this proceeding is concerned, must be treated as a binding and a valid decree of divorce. Such being the case, it is manifest that the marriage relation did not exist between these parties when this suit was commenced, nor when the application was made for an allowance of temporary alimony. This court has recognized that, even in the absence of a statutory provision therefor, a marriage may be decreed void for fraud and force which induced its consummation. *Wier v. Still,* 31 Iowa, 110.

The decree, then, being valid in North Dakota, until set aside or modified by proper proceedings, should also be treated as binding here, so far as this proceeding is concerned. Such being the case, this action is in the nature of a proceeding to set aside a voidable decree of divorce, and we have held that in such a case no allowance for temporary alimony can be made. *McFarland v. McFarland,* 51 Iowa, 567, 2 N. W. Rep. 269; *Wilson v. Wilson,* 49 Iowa, 544. In both of those cases we held that a decree of divorce was not void, but, at best, only voidable; and in the *Wilson* case it was said: "The decree of divorce which it is sought to vacate and set aside is *prima facie* binding upon the parties; and until, upon a hearing, it appears that it should be set aside for fraud or want of jurisdiction, the marriage relation, which is essential to support orders of this kind, does not appear to exist." We are not deciding as to what effect the decree would have if, on a final hearing, it should appear that it was entered without jurisdiction or upon false testimony. Nor as to whether such a decree can be collaterally attacked. As to these matters, see *Neff v. Beauchamp,* 74 Iowa, 94, 36 N. W. Rep. 905. What we hold is that until the decree of the North Dakota court is modified or

set aside by proper proceedings, or adjudged by a competent court in this state, upon a full hearing, to be unvailable as a defense, plaintiff should not be allowed alimony *pendente lite*, unless such facts are established, upon the hearing on the motion for temporary alimony, as can be fairly said to presumptively show the invalidity of the North Dakota decree. Such a case was not made in the court below. *Kiefer v. Kiefer*, 36 Pac. Rep. (Col. App.) 621. Not having brought herself within the rule we have laid down, plaintiff was not entitled to a decree allowing temporary alimony. For the reasons given, the cause must be REVERSED.