94   573
112  580

MRS. M. J. WINCH v. JOSEPHINE BOLTON AND H. B. BOLTON, Appellants.

**Breach of Covenant:** SUIT ON NOTES GIVEN FOR LAND: DEFENSES. There was an unsatisfied judgment against the land when warranty deed was made. Grantor's wife did not join. *Held,* the defenses based on the existence of said judgment and the failure of the wife to join are not valid because the judgment was satisfied after suit was begun on the notes given for the land and because the wife was divorced after the making of the deed.

EVIDENCE held not to establish payment or that a collateral mortgage was given for the waiver of a provision in a note that it should become due on default in interest.

*Appeal from Harrison District Court.*—HON. A. VAN WAGENEN, Judge.

SATURDAY, MAY 18, 1895.

Suit in equity to foreclose a mortgage executed by defendants upon certain real estate to secure the payment of eight notes made by defendants to plaintiff's assignor, S. F. Winch. It is alleged in answer: *First,* that the suit was prematurely brought, for that nothing was due when the action was commenced; *second,* that there is a defect in the title to the land for which the notes were given; *third,* that plaintiff's assignor made false and fraudulent representations regarding the title to the land which formed the consideration for the notes. And, by way of counterclaim, defendant averred that he received a warranty deed for the land purchased of plaintiff's assignor, for which the notes in suit were given, and that there has been a breach in the covenants of warranty, in this: that at the time of the making of the deed there was an unsatisfied judgment against Winch for the sum of one thousand two

hundred dollars; and that Winch's wife never signed the deed to the land, and that her name was forged thereto.   It is also alleged that the clause in the notes and mortgage making the whole amount due on failure to pay installment of interest or principal was for a valuable consideration, to-wit, the execution of a chattel mortgage by defendant Henry Bolton upon certain crops, changed, and the security afforded by the chattel mortgage substituted therefor, and that this action is prematurely brought, for that the rights of plaintiff under the chattel mortgage have not been exhausted. Upon the issues thus joined the cause was tried, and a decree passed for plaintiff, and defendants appeal.— *Affirmed.*

*S. H. Cochran* for appellants.

*L. R. Bolter & Sons* for appellee.

Deemer, J.—Some time in the year 1890, S. F. Winch, plaintiff's assignor, sold to the defendants a tract of land in Harrison county, Iowa, for the agreed consideration of two thousand seven hundred and sixty-nine dollars.   The purchase price was represented by eight notes, due in three, four, five, six, seven, eight, nine, and ten years, each bearing eight per cent. interest.   These notes were secured by mortgage upon the land.   It was provided in the notes and in the mortgage that a failure to pay the interest on the notes within ten days after it became due should cause the whole of the notes to mature and become collectible. The deed from Winch to defendants was signed, not only in his individual name, but also by himself as attorney in fact for his wife, Sarah F. Winch, under a power of attorney purporting to have been signed by her.   It is claimed by defendants that this power of

attorney did not bear the genuine signature of Sarah F. Winch, but, on the contrary, that it was false and forged. Testimony was taken upon this issue, but, as we view the case, it is entirely immaterial to determine who is right about this matter, for the testimony conclusively establishes that these persons were divorced from each other on April 30, 1892, in the state of Nebraska. As the title to the land was in S. F. Winch, the divorced wife has now no claim therein, and it is not necessary to determine whether she signed the power of attorney or not. The only testimony as to judgments existing against the land shows that they were satisfied February 16, 1893. This was a few days after the commencement of the suit, but of this defendant cannot complain.

II. It is also contended on behalf of appellants that nothing was due on the notes at the time this action was commenced, that the interest and principal due had been paid, and that the suit is premature. This presents a question of fact, which requires but little discussion. It appears that, when the notes in suit were executed, defendants, or one of them, were indebted to plaintiff's assignor on other notes, and that subsequent to that time they borrowed money and became otherwise indebted to S. F. Winch. It also appears that Winch had a mortgage upon most, if not all, of their chattel property, to secure some of these notes, as well as the interest due on some or all of those in suit. It is shown that defendants have made some payments to S. F. Winch,—not as many as they claim, however; but it is also shown that these payments were properly credited upon indebtedness of defendants other than the notes in suit. These

credits were made with full knowledge of defendants' and they cannot complain. Nothing has been paid upon the notes in suit. True it is that plaintiff or her assignor holds a chattel mortgage upon some property as security for a part of the interest due on the notes given for the land; but, as we understand it, the decree properly guards defendants' rights by providing that any amount realized from the sale of the mortgaged property shall be credited on the judgment rendered in this suit. No one contends that this mortgaged property is sufficient in value to pay the principal and interest due on the notes in suit. The testimony does not show any agreement upon the part of plaintiff or her assignor to accept the chattel mortgage in lieu of the agreement in the notes, as claimed.

We have gone over the whole record with care, and reach the conclusion that the decree is right.— *Affirmed.*