JAMES POLLOCK v. CHARLES MILBURN, Appellant.

Deed by Husband of Insane Woman:        MORTGAGE TO INDEMNIFY AGAINST CLAIMS OF WIFE:   *When satisfaction may be demanded.*   A husband conveyed property while his wife was insane, and she signed and acknowledged the deed while in the state hospital.  The husband executed a mortgage to the purchaser to idemnify him if the wife should ever set the deed aside.  Thereafter the husband procured a divorce from the wife while she was still insane.  *Held*, that he could not maintain an action against the purchaser for the statutory penalty for failing to satisfy the mortgage, on the ground that the divorce cured the defect in the title, since the statute authorized the wife, on regaining her sanity, to petition to have the decree set aside, and if it was set aside the husband would be liable under the mortgage.

Appeal:  TIMELY CERTIFICATION OF CASE.   Under Code 1897, a case certified by the trial court to the supreme court for review is in time when it is certified during the trial term.

*Appeal from Cedar Rapids Superior Court.—*Hon. T. N. Giberson, Judge.

Friday, December 21, 1900.

This is an action for the recovery of the statutory penalty for failure to satisfy of record a mortgage which is alleged to have been paid. The facts are that the plaintiff was married, and at the time of the transactions in question his wife had been adjudged insane, and was confined in the hospital in Independence. He conveyed to the defendant certain real estate, to which conveyance the wife's signature was attached in the hospital, and her acknowledgment taken before the superintendent thereof. To indemnify the defendant against any possible contingencies which might arise from this defective conveyance of the wife's interest, the plaintiff executed the mortgage in question. Among other things it provides that, "if Mrs. Christie Ann Pollock shall ever go back or set aside said deed on account of question as to her mind and condition she is in at the present to execute said deed James Pollock this day delivered to me, and then the said James Pollock shall make all the said Charles Milburn suffers good and whole by her acts, and this mortgage is hereby executed by me to indemnify him (Milburn) against all or any loss he may suffer in taking the deed under the circumstances for the property he bought from said James Pollock and Christie Ann Pollock." Deed dated April 23, 1895. After the conveyance, and after the execution of the mortgage, and while the wife, Christie Ann Pollock, was still insane, and confined in the hospital at Independence, the plaintiff procured a divorce from her, and afterwards brought this action; claiming that the decree of divorce canceled all obligations under the mortgage, and asking penalty for a failure to satisfy the same of record. There was a trial to the court, and a judgment for the plaintiff. The defendant appeals.—*Reversed.*

Vol. 112 Iowa—34.

*J. C. Leonard* for appellant.

*Heins & Heins* for appellee.

SHERWIN, J.—There can be no question as to the effect generally of a divorce on the statutory interest of the guilty party in the land of the other spouse. The statute itself provides that the guilty party "forfeits all rights acquired by marriage," and has been applied in *McCraney v. McCraney*, 5 Iowa, 232, and in *Winch v. Bolton*, 94 Iowa, 573. Nor does it make any difference whether the land was conveyed before or after the divorce. *Winch v. Bolton, supra.* It is perhaps also true that we are bound to presume the decree of divorce in this case regular and valid in all respects. But, while this is so, we cannot overlook the conditions of the mortgage itself, nor the fact that the defendant in the divorce proceedings was insane at the time the proceedings were had and the decree rendered. The mortgage provides that, "if Mrs. Pollock shall ever set aside said deed, it shall stand as indemnity for all or any loss the defendant may suffer on account of taking the deed under the circumstances." This indemnity is certainly a continuing one, and, until the plaintiff showed to the court that no future contingencies could arise which would incur liability thereunder, he was not entitled to a cancellation of the mortgage.

The statute gives the insane wife a year after regaining mental capacity in which to petition to set aside a judgment or decree rendered against her. This is an absolute right, which no one can waive for her, nor can it be affected or abridged by decree or judicial proceedings. No one can predetermine the final result that may follow such proceedings. How, then, can it be said in this case that no future liability can be predicated on said mortgage? Suppose the wife regains her sanity, and for proper cause shown has the decree of divorce set aside, and finally defeats the action, what, then,

stands in the way of liability under the mortgage? Absolutely nothing more than existed at the time of its execution, because it is not claimed that her signature thereto would deprive her of any right under the law.

Conceding, as we think must be done, that this case is within the scope of the statute providing a penalty for a failure to release mortgages, we are of the opinion that the facts before us would not warrant a cancellation of the indemnity, and hence no penalty can be recovered.

This case comes to us upon the certificate of the trial judge, which is said not to have been made in time. The Code of 1897 requires only that it be certified during the trial term. This was done. For the reasons pointed out, the trial court should have given the defendant judgment.— REVERSED.