[No. 7731.	Decided June 30, 1909.]

HANNAH E. DOUGLAS, *Appellant*, v. GEORGE W. TELLER, *Administrator of the Estate of Hiram L. Douglas, Deceased, Respondent.*[1]

JUDGMENTS—DIVORCE—FAILURE TO RECORD—EFFECT— CERTIFICATE. The failure of the clerk of a foreign court to perform the clerical duty of recording a judgment of divorce, as required by statute to make the judgment effective, does not affect its validity, and a certificate of the clerk that it was not recorded, contradicting a former certificate that it was recorded, is therefore properly disregarded.

DIVORCE—FOREIGN DIVORCE—VALIDITY—DOMICILE — COMITY. The courts of this state will, on the principal of comity, recognize the validity of a divorce granted by the courts of a sister state, to a husband who was for three years a resident in such state, although it is based on a substituted service and the matrimonial domicile was in another state; the divorce having been granted forty years ago and the wife having had notice thereof.

DIVORCE—VALIDITY—FRAUD—SUBSTITUTED SERVICE—NAME OF DEFENDANT. A foreign judgment of divorce obtained on substituted service against Elizabeth D. is not void as a fraud upon the defendant, whose true name was Hannah Elizabeth D., where there was evidence that she was commonly known by the former name.

Appeal from an order of the superior court for Spokane county, Sullivan, J., entered March 31, 1908, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, denying a petition for the removal of an administrator. Affirmed.

*A. H. Gregg, P. S. McNutt, J. C. Kleber,* and *P. R. Heily,* for appellant.

*W. J. Parks* and *Danson & Williams,* for respondent.

MOUNT, J.—This action was brought by the appellant for the removal of respondent as administrator of the estate of Hiram L. Douglas, deceased. After a trial, the court en-

[1]Reported in 102 Pac. 761.

tered an order denying the appellant's petition, and this appeal followed from that order.

The main issue in the case was whether the appellant was the wife of the deceased at the time he acquired certain real estate in this state. It appears that the appellant and Hiram L. Douglas were married in the state of Michigan in the year 1853 or 1854. They lived together for four or five years. The only living issue of the marriage is Mary E. Teller, who is now the wife of the respondent, George W. Teller. In the year 1858, Hiram L. Douglas and the appellant separated. They lived thereafter in the same vicinity until about the year 1863, when Mr. Douglas removed to the state of Illinois. Thereafter, in the year 1866, Mr. Douglas brought an action for divorce in the circuit court of Macon county, Illinois, a court of general jurisdiction, and alleged as ground therefor that Mrs. Douglas had wilfully abandoned him. Service was had by publication of summons. Appellant did not appear to defend the action and, after evidence taken, a divorce was granted at the "February term, 1867." On the 2d day of April, 1867, the clerk of said circuit court of Illinois furnished a copy of the decree to Mr. Douglas, certifying "that the foregoing is a true and perfect copy of a decree entered in a certain cause by the circuit court of Macon county aforesaid, at the February term, A. D. 1867, of said court, wherein Hiram L. Douglas filed his bill of complaint against Elizabeth Douglas for divorce, said copy having been made from the records of said court in my office." Thereafter the said Hiram L. Douglas came to the state of Washington and, in 1888, acquired certain real estate in Spokane county. He died in the year 1890. In 1891, respondent was appointed administrator of his estate. In 1907, the appellant brought this action to remove the respondent as administrator. The clerk of the circuit court of the state of Illinois for the county of Macon, in August, 1907, furnished to appellant a copy of the record in Douglas v. Douglas, "as the same appears from

the record and files in said cause now in this office." The certificate, also contained the following:

"I further certify that, through an omission or error of the clerk, the order of the court entered on the 19th day of the term was never properly transcribed on the record of the proceedings of that term, but upon the 19th day the following order was entered by the clerk. Cause heard. Decree."

Later the same clerk issued a certificate as follows:

"State of Illinois, County of Macon.

"I, John Allen, clerk of the circuit court and *ex-officio* recorder of deeds, in and for the county of Macon, state of Illinois, de hereby certify that as clerk of the circuit court I am the custodian of all the records and files thereof and as such clerk of the circuit court do certify the foregoing to be a true, perfect, and complete copy of what purports to be a decree in the case number 5243, where Hiram L. Douglas is complainant and Elizabeth Douglas is defendant, as same appears from the record and files in said cause now in this office in manner and form as herein described. The same is unsigned and never did bear the signature of the presiding judge and never was recorded or filed. About January 1st, 1908, I caused the said decree to be transcribed upon the records of the proceedings of the circuit court of Macon county, and the same is now transcribed at length in Book 49 at page 220 of the records of the proceedings of the circuit court of Macon county. I further certify that I caused the said decree to be transcribed but no order of court directing me to transcribe said decree was ever made or entered. The judge of the circuit court who heard the cause and the clerk who was at that time clerk of the circuit court are long since dead.

"In testimony whereof I have hereunto set my hand and affixed the seal of the said circuit court at my office at Decatur, Illinois, this 17th day of February, A. D. 1908.

"John Allen,

"Clerk of the Circuit Court and Ex-Officio Recorder of Deeds."

All these certificates were introduced in evidence, but the court refused to consider the last certificate above copied. It

is contended by the appellant that the decree of divorce was void, (1) because it was not entered or filed of record when it was rendered; (2) because the court had no jurisdiction of the appellant, and (3) because the decree was obtained by fraud.

Conceding that, under the statutes of Illinois, a decree is not effective until it is entered and recorded, and also that these certificates are competent to prove the facts, the certificate first issued shows such facts, for it says: "The foregoing is a true and perfect copy of a decree *entered* . . . having been made from the *records.*" It is true the certificates issued later contradict the earlier one, to the effect that the decree was recorded and filed, but the certificates taken together clearly show that this result was by omission or error of the clerk. The duty of the clerk was a clerical duty, and his neglect or omission did not, and could not, avoid the decree, which is clearly proven to have been made. The trial court was, therefore, justified in disregarding the later certificate and in considering that as done which ought to have been done.

Appellant next contends that the courts of Illinois had no jurisdiction to grant the decree of divorce upon substituted service, because the matrimonial domicile of the parties remained in the state of Michigan with the wife, and therefore the Illinois decree is not entitled to full faith and credit in this state. *Haddock v. Haddock*, 201 U. S. 562, 26 Sup. Ct. 525, is relied upon to support this doctrine. It is probably true that this court would not be bound by the Illinois judgment, but clearly the courts of this state, as a matter of comity, may recognize the Illinois decree, under the rule of *Haddock v. Haddock, supra. Buckley v. Buckley*, 50 Wash. 213, 96 Pac. 1079.

The record in this case shows that Mr. Douglas had been a resident of Illinois some three years prior to the time he brought his action for divorce, and under the law of that state the court had jurisdiction of the case *in rem*. The di-

vorce was granted more than forty years before this action was begun. It is true, the appellant testified that she did not know of the divorce until long after the death of Mr. Douglas, and only a few months prior to the bringing of this action. This statement, however, is contradicted by the daughter, who testified that she and her mother had discussed the fact of divorce many years ago. Under these circumstances the decree at this late date ought to import verity, especially where it is a valid decree where rendered.

Appellant also insists that the decree was obtained by fraud, by reason of the fact that the action was brought against appellant under the name of Elizabeth Douglas, when her true name was Hannah Elizabeth Douglas and that the action was based upon abandonment by the wife, while the fact was that Mr. Douglas abandoned the appellant. The evidence shows, and the court found, that the appellant was commonly known by the name of Elizabeth Douglas. Service by that name was therefore sufficient. There was evidence offered in this case to show that Mr. Douglas was at fault and abandoned his wife. The evidence taken in the divorce case, which was preserved and certified in the record, shows the opposite. We are not inclined to disturb the judgment of the trial court upon this state of the evidence, especially where the judgment is of such long standing and where one of the parties to it is dead.

We find no error in the record, and the order appealed from is therefore affirmed.

ALL CONCUR.