THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN L. SHAW, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. BIGAMY—*when alleged prior marriage is void.* Under the laws of New York a divorce decree obtained in a foreign State against a non-resident defendant who was not personally served with process and who did not appear in the suit is a nullity and the defendant still remains a married person, and hence the defendant's subsequent marriage to another person in the State of New York, the defendant being then a resident of New York, is a nullity, and cannot be established as a prior marriage in support of a bigamy charge against such other person.

2. SAME—*what cannot be relied upon as a common law marriage.* The fact that persons whose marriage in a foreign State is a nullity live together in Illinois for many years as man and wife does not, of itself, show a common law marriage, where there is nothing in the record to show that they contemplated or desired a common law marriage, or that either of them knew, until after their final separation, that their marriage in the foreign State was void.

DUNN and FARMER, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.

A. L. HOUGEN, O. J. TAYLOR, JR., and HALL & HOLLY, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (EDWARD DAY, of counsel,) for the People.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

John L. Shaw, the plaintiff in error, was by the verdict of a jury in the criminal court of Cook county found guilty of bigamy and was sentenced to the penitentiary for an indeterminate period. He has sued out this writ of error to reverse the judgment of the criminal court.

The principal ground relied upon for reversal is that the evidence failed to show that the plaintiff in error was guilty of bigamy. The evidence shows that on September 19, 1900, plaintiff in error and Helen Olson went through the ceremony of marriage in New York City, and that thereafter, on November 28, 1910, without having obtained a divorce from Helen and while she was still living, plaintiff in error married Lenore Smith in the city of Chicago. The defense was that the alleged marriage of plaintiff in error to Helen Olson was null and void because she then had a husband living from whom she had not been divorced.

It appears from the evidence that Helen Olson, whose maiden name was Helen Schneider, was on September 4, 1888, married to Edward Olson, and thereafter lived with him in Chicago as his wife until April 27, 1889, when she left him. On January 30, 1890, she brought a suit against him in the circuit court of Cook county for separate maintenance, alleging that she was obliged to leave him on account of his extreme and repeated cruelty towards her. Olson appeared and filed an answer denying the charges contained in her bill, and an order was entered by the court

259 – 35

requiring him to pay temporary alimony. Shortly after the entry of this order Helen Olson applied to the court for a writ of *ne exeat,* which was issued, but Olson left the State of Illinois and went to California before the writ could be served upon him. Nothing further was done in that suit until June, 1892, when it was dismissed for want of prosecution. In the summer of 1890 Helen Olson left Chicago and took up her residence in New York City, where she resided until after her alleged marriage to plaintiff in error. While she was living in New York City, and on November 23, 1892, Edward Olson obtained a decree of divorce in the superior court of the city and county of San Francisco, in the State of California, on the ground that Helen Olson had deserted and abandoned him. The service upon the defendant in that proceeding was had by publication and she did not appear in the suit.

Plaintiff in error offered in evidence decisions rendered by the court of appeals of the State of New York which hold that where the defendant in a suit for divorce in a foreign State is not a resident of such State and is not personally served with process in the State where the court is sitting and does not appear in the suit, a decree in such suit granting a divorce is null and void for all purposes within the State of New York so far as the defendant is concerned, and the defendant, notwithstanding such decree, remains a married person.

Plaintiff in error contends that by reason of the foregoing facts his alleged marriage to Helen Olson in New York City on September 19, 1900, was null and void, and that he therefore did not commit the crime of bigamy by marrying Lenore Smith on November 28, 1910. Counsel for the State contend that Helen Olson and plaintiff in error were residents of Illinois at the time of their marriage and were in the State of New York temporarily at that time. It is not necessary to determine what effect, if any, that would have on the validity of that marriage, as

it conclusively appears from the evidence that Helen Olson was at that time, and had been for several years, a resident of the State of New York. Under the laws of New York this marriage was void, (*People* v. *Baker,* 76 N. Y. 78; *O'Dea* v. *O'Dea,* 101 id. 23; *Williams* v. *Williams,* 130 id. 193;) and as the law of New York must control as to the validity of the marriage, (*McDeed* v. *McDeed,* 67 Ill. 545; *Canale* v. *People,* 177 id. 219; *Reifschneider* v. *Reifschneider,* 241 id. 92;) it must be held to be void in this State. His marriage with Helen Olson being invalid because of her inability to enter into the contract, plaintiff in error did not commit bigamy by his later marriage with Lenore Smith.

Some months after the marriage of plaintiff in error and Helen Olson they removed from New York to this State and cohabited together here for almost ten years, and it is contended on the part of the People that this ratification of the ceremony of marriage performed in the State of New York constituted a common law marriage. There is nothing in the record which indicates that these parties contemplated or desired a common law marriage or that they entered into such a contract. Their cohabitation was pursuant to the ceremony of marriage performed in New York, and it does not appear that either of them doubted the validity of that marriage until after their separation.

The judgment of the criminal court is reversed.

*Judgment reversed.*

DUNN and FARMER, JJ., dissenting:

The marriage of Helen Olson and the plaintiff in error in 1900 was entered into in perfect good faith by both parties. The relation they assumed was not meretricious but was intended to be matrimonial. She had been divorced from her former husband for nearly eight years. The decree of divorce was not recognized by the courts of New

York but it was valid in Illinois and many other States. (*Knowlton* v. *Knowlton,* 155 Ill. 158; *Dunham* v. *Dunham,* 162 id. 589; *Harding* v. *Alden,* 9 Me. 140; *Loker* v. *Gerald,* 157 Mass. 42; *VanOrsdal* v. *VanOrsdal,* 67 Iowa, 35; *Gould* v. *Crow,* 57 Mo. 200; *Thurston* v. *Thurston,* 58 Minn. 279; *Douglas* v. *Teller,* 53 Wash. 695.) In this State she was competent to contract a marriage. When she and the plaintiff in error came to Illinois, a few months after their marriage, neither was under any disability here to marry and a common law marriage was lawful. It was the law of this State prior to the amendment of the Marriage act, in 1905, which declared common law marriages void, that "if parties to a marriage, in the beginning, desire and intend marriage in good faith as a matter of fact, but an impediment exists, and the desire and intention continue after the impediment is removed, and the parties continue in the relation of husband and wife and cohabit as such, it is sufficient proof of a marriage." (*Manning* v. *Spurck,* 199 Ill. 447; *Robinson* v. *Ruprecht* 191 id. 424; *Land* v. *Land,* 206 id. 288.) In the case last cited the parties were married during the pendency of a divorce suit by the woman, after the hearing but before the decree was entered, believing that the decree had been rendered and that their marriage was lawful. A decree was subsequently entered, the parties continued to cohabit with matrimonial intent and the marriage was held valid. Had Helen Olson died on November 28, 1910, the day the plaintiff in error married Lenore Smith, he would have been entitled, under the decisions cited, to the surviving husband's interest in her estate. Being the husband of one woman it was bigamy for him to marry another, and in our judgment he was properly convicted.