CHARLES HOLDORF, Appellee, v. ANNIE HOLDORF (FREET), Appellant.

**HUSBAND AND WIFE:** Abandonment—What Constitutes. ''Abandonment'' or ''desertion'' of a wife by her husband in a *legal* sense is fully negatived by a showing that the husband, following the alleged abandonment or desertion, obtained in a foreign state a valid divorce on the ground of cruelty.

*Appeal from Pottawattamie District Court.*—J. B. ROCKA-FELLOW, Judge.

APRIL 1, 1924.

REHEARING DENIED JUNE 28, 1924.

ACTION in replevin. Verdict for plaintiff by direction of the court. Defendant appeals.—*Affirmed.*

*Cullison & Wyland* and *F. A. Turner,* for appellant.

*Preston & Dillinger* and *H. E. Churchill,* for appellee.

STEVENS, J.—This is an action for the replevin of a quantity of farm tools and live stock. The plaintiff, Charles Holdorf,

appellee, is the father of W. F. C. Holdorf, the former husband of appellant. During the years 1914 and 1915, and until about March 1, 1916, W. F. C. Holdorf and appellant resided as tenants upon the farm of appellee. On or about. March 1, 1916, W. F. C. Holdorf left the farm and went to Weld County, Colorado, leaving appellant and their minor child upon the farm. Shortly after that date, appellee commenced this action in replevin, and obtained possession of all of the personal property upon the leased premises. The defendant, appellant herein, filed an answer setting up, among other defenses, that her husband had absconded and deserted her, and claiming the right, under the statute, to the possession of the exempt property. Plaintiff demurred to defendant's answer. The demurrer was sustained, and, as she elected to stand upon her answer, judgment was entered in favor of plaintiff, and she appealed. The appeal resulted in a reversal of the judgment below, the court holding that appellant had a right to claim and hold the exempt property, under Sections 4008, 3158, and 4016 of the Code. *Holdorf v. Holdorf*, 186 Iowa 1193.

The case was finally tried and judgment entered in the court below in March, 1923, resulting, as stated, in a directed verdict for the plaintiff, appellee. It is from the judgment entered on this verdict that the present appeal is prosecuted. When he left home, on or about March 1, 1916, W. F. C. Holdorf went to Weld County, Colorado, where he has continued to reside. Having obtained a residence in Colorado, he commenced an action against appellant for a divorce. A decree dissolving the marriage relation on the ground of extreme cruelty was filed February 5, 1921.

Appellee alleged in his petition that he is the absolute and unqualified owner of the property, and, by way of reply. to appellant's answer, sets up the divorce decree as a complete defense to her claimed right to hold. the property under the statute, as the exempt property of her former husband. These were the issues tried in the court below.

Competent proof was introduced to sustain appellee's ownership of the property, unless appellant is entitled thereto as the exempt property of her former husband. An instrument

in writing, purporting to have been signed by the appellee and W. F. C. Holdorf March 1, 1916, in which the latter is referred to as a resident of Weld County, Colorado, was offered in evidence by appellee. This instrument contains a recital of facts upon which it is agreed by and between the parties thereto that W. F. C. Holdorf was not the owner of any part of the property. The instrument is also in part a bill of sale, by which the son specifically conveys his interest in the property to the father.

The vital questions, therefore, in the case are: Did W. F. C. Holdorf abandon and desert his wife in Iowa, and what is the effect, if any, of the divorce decree upon appellant's claim to the exempt property? The only affirmative evidence bearing upon the question of abandonment and desertion is the fact that W. F. C. Holdorf left Iowa about March 1, 1916, and took up his residence in Colorado.

It appears from the allegations of his petition in the divorce action that an indictment was obtained in Iowa against W. F. C. Holdorf, in which he was charged with wife desertion, and that the governor of Colorado declined to honor the requisition of the governor of Iowa for his arrest and return to this state. Holdorf's petition for a divorce alleged numerous acts of extreme cruelty on the part of appellant, which, if true, justified his separation from her, although, of course, it did not justify his abandonment of his minor child. Appellant has remarried, and is living with her second husband. The divorce was granted by default upon personal service in this state. The status of the husband and wife was fixed by the divorce decree. The decree, being valid in Colorado, is also valid in this state. *Shaw v. Shaw,* 92 Iowa 722; *Van Orsdal v. Van Orsdal,* 67 Iowa 35; *Kline v. Kline,* 57 Iowa 386; *Brett v. Brett,* 191 Iowa 262; *Hamilton v. McNeill,* 150 Iowa 470; *McCoy v. McCoy,* 191 Iowa 973; *Winch v. Bolton,* 94 Iowa 573.

Appellant, at the time of the trial, as the guilty party to the divorce decree, under Section 3181 of the Code, had forfeited her rights to share in the property of her husband, unless a different rule applies where the decree is entered in a foreign state. There is a suggestion by the writer of the opinion in *Van Orsdal v. Van Orsdal,* supra, that possibly a decree in a foreign

state would not terminate the right of the wife to alimony in the property then possessed by the husband. The point was not involved in that case, and what is said in the opinion is clearly dictum. The controversy here is not between the husband and wife; but the claim of appellant to the exempt property, which, at the time of the alleged desertion, was in this state, grows out of the marriage relation. It seems to us that the divorce decree is conclusive against appellant as to the grounds upon which it is based. This being true, she cannot claim that her husband absconded, deserted, or abandoned her in a legal sense. His separation from her was justified by her conduct. In this situation, our former decision is not applicable. We are not to be understood as determining 'the effect of a decree of divorce granted in a foreign state upon personal service within this state upon the right of the wife to claim the exempt property of her husband which he left in her possession at the time of deserting her. The argument of counsel does not sufficiently cover this point, and we refrain from deciding it. Many errors of the court in its ruling upon objections to testimony are assigned by appellant as grounds for reversal; but, in view of our conclusion that the evidence wholly fails to sustain appellant's plea that her husband deserted and abandoned her in a legal sense, we need not give specific consideration thereto.

One other question is argued, and that is that the evidence was in dispute as to whether a demand was made for the property before the action was commenced. Appellant was probably entitled to have this question submitted to the jury; but, as she cannot in any event claim either title to the property or a right to the possession thereof, this issue involves only a matter of costs. The court below took this fact into consideration, and rendered judgment against appellee for a portion of the costs. A reversal upon this point would be of no value to appellant.

We reach the conclusion, therefore, that the judgment of the court below should be, and is, sustained.—*Affirmed.*

ARTHUR, C. J., PRESTON and VERMILION, JJ., concur.