ANNIE HOLDORF FREET, Appellant, v. WILLIAM F. C. HOLDORF, Appellee.

DECEMBER 13, 1927.

REHEARING DENIED APRIL 5, 1928.

■■■■■■■■■■■■■■■■■■

*Cullison & Wyland* and *Turner & Turner*, for appellant.

*Preston & Dillinger*, for appellee.

DE GRAFF, J.—This case is peculiar on the factual side. When this action was commenced, plaintiff and defendant were husband and wife, and were the parents of a child about four years old. When the last amendment to plaintiff's petition was filed, and the issues joined in this action, the Gordian knot of matrimony had been severed by the granting of an absolute decree of divorce to the defendant by a court of competent jurisdiction in the sister state of Colorado. See *Holdorf v. Holdorf*, 198 Iowa 158.

When the decree was entered in this cause, the bonds of connubial bliss had been resumed by both parties; the plaintiff having taken unto herself a new spouse, by marrying one Freet, in 1921, and the defendant having taken unto himself another spouse in June, 1922.

It is but natural to inquire, What is the final prayer of the plaintiff, and what judgment does she now demand against the defendant? The action sounds in separate maintenance, and plaintiff seeks to recover a money judgment against the defendant for past support of herself until her second marriage; and for past and future support for the child. In brief, she seeks judgment against him for reimbursements or recoupment for moneys expended for support of herself and minor child, and for future support of the child. At this point, it may be well to state further antecedent facts in the history of the marital relations of these parties.

The record discloses that plaintiff and the defendant were married in 1913, and lived together as husband and wife in Iowa until about March 1, 1916, when the defendant went to Colorado, leaving the wife and child in Iowa. In 1921, the defendant secured an absolute divorce from the plaintiff in the

district court of Weld County, Colorado, on the alleged ground of extreme and repeated acts of cruelty. In that action the defendant (plaintiff in this action) entered no appearance, although she was personally served with notice, with complaint attached, in Mills County, Iowa. Shortly after the defendant went to Colorado, the instant plaintiff caused him to be indicted in Iowa for the desertion of herself and child. Requisition was denied by the governor of Colorado; but later, the defendant Holdorf voluntarily appeared in the Iowa court, pleaded the Colorado divorce as a bar, tendered maintenance and support of the child, and filed the statutory bond for its maintenance and support. Thereupon the criminal prosecution was abated. The child Mervin has always been in the custody of its mother.

The instant defendant, after remarriage, continued to live in Colorado, where he now maintains a home for his second wife and two children born to them. The defendant and his present wife have expressed a willingness to take the child Mervin into their home, care for him, and provide for his education. Briefly stated, these are the record facts material on this appeal.

The action of separate maintenance is not based upon specific statutory provision, but rests on broad principles of equity, and may be granted though no divorce or other relief is sought. *Graves v. Graves*, 36 Iowa 310. However, the action cannot ordinarily be maintained except upon grounds warranting a divorce. *Cruse v. Cruse*, 201 Iowa 810. This presupposes that the marriage relation exists when a decree of separate maintenance is entered. In the instant case, the Colorado divorce is conclusive as to the marriage status and as to the grounds upon which the decree of divorce was based. We so held in *Holdorf v. Holdorf*, supra. The Colorado decree made no provision for alimony or for the custody of the child. The plaintiff in that action (defendant herein) sued for a divorce, and asked for no other relief.

Since the decision of the Supreme Court of the United States in *Haddock v. Haddock*, 201 U. S. 562 (50 L. Ed. 867, 5 Ann. Cas. 1), no state is bound, under the full faith and credit clause of the Federal Constitution, to recognize, as against its citizens, divorces obtained in other states on publication at a place other than the matrimonial domicile. It is left to each of the states to give to such decrees that degree of legal efficacy

within its borders, as to its citizens, which its courts may determine to be the state's proper policy, viewed as most consistent with justice, good morals, and comity. As pointed out, this court has determined that the Colorado decree in question is valid, as between the parties thereto. It is well that this decree should be given full recognition, to avoid what otherwise would be adulterous or bigamous subsequent marriages of the parties so divorced, and to avoid bastardizing the children of such marriages.

We are not concerned, in the instant case, with the rule that a divorce may be granted without alimony, and that separate maintenance may be granted when no divorce is prayed or decreed. Nor are we called upon to determine the question whether, in the absence of the remarriage of the plaintiff-wife, she would be entitled to support for the minor child. If we view the action for divorce as in the nature of a proceeding *in rem*, and that nothing was seized by the Colorado court but the marriage status, it does not help the instant plaintiff in this case.

Plaintiff, by her remarriage, recognized the validity of the Colorado divorce decree, and by her act ratified or validated the burdens of the decree, as well as the benefits. Land or property is not involved, nor is the custody of the child under consideration. No one can gainsay that it is the duty of the state to protect its own citizens within its borders, and no obligation of comity is paramount to this duty. The wife is as much a citizen of the state as the husband, and is entitled as much to the protection of her rights in property as he.

It is the general rule that, where a husband and wife have separate domiciles, a divorce may be secured at the domicile of either. See *Bonner v. Reandrew*, 203 Iowa 1355.

Plaintiff and the defendant are divorced from each other, and the erstwhile wife cannot now sue the former husband to recover moneys expended by her on behalf of herself or child. *Stamp v. Stamp*, 196 Iowa 1133. The legal duty to support children is cast equally upon both parents, and when such duty is performed by the wife, she cannot recover therefor in an action against her husband. We are not concerned in this case with the statute which was enacted subsequent to the controversy in issue. See Section 12667-a2 *et seq.*, Code of 1927.

The Colorado court determined that the husband had the right to be divorced. This carries the necessary implication that he had a legal cause for leaving home. The cases relied upon by the appellant are not controlling, under the instant circumstances. See *Harlow v. Harlow*, 150 Iowa 173; *Russell v. Russell*, 150 Iowa 137; *Shipley v. Shipley*, 187 Iowa 1295; *Miller v. Miller*, 200 Iowa 1193; *Sparks v. East*, 202 Iowa 718.

The decisions of this court applicable to the instant case deny to plaintiff the asserted right to recover judgment. The decree entered is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.