Dale Clark, by his next friend, J. T. Clark, Appellant, v.
Charline Ruble Clark, Appellee.

No. 42694.

February 5, 1935.

Calhoun & Calhoun, for appellant.

George R. Buckles and J. W. Newbold, for appellee.

Albert, J.—Briefly stated, this action arose from the following facts:

The plaintiff and defendant were both residents of Van Buren county, Iowa. At the time in controversy, the plaintiff was about nineteen years of age and the defendant about sixteen years of age. On the 28th day of January, 1933, these parties went through a marriage ceremony in the city of Memphis, in the state of Missouri. On the 4th of June, 1933, a baby was born to the defendant, and in August following this action was brought in the Van Buren county district court praying the court to find and determine that said marriage was illegal and void from the beginning, and that it be annulled and decree entered accordingly. The basis of the action

was the claim that the plaintiff was not the father of defendant's child, and that said marriage was brought about by the fraudulent representations of the defendant, in that she represented immediately before the marriage that her unborn child was plaintiff's child.

The case was tried and the petition of plaintiff dismissed; hence this appeal.

■ At the threshold of the case, we are confronted with a rather anomalous situation. The prayer of the petition is that the marriage be annulled and held void and illegal from the beginning.

Section 10486 of our Code specifies the grounds on which a marriage may be annulled. None of the divisions of said section provides for the annulment of a marriage in case of fraud, or in case the wife is pregnant with child by a stranger at the time of the marriage. Section 10476 provides the grounds for obtaining a divorce, and the material part of the section reads as follows:

" * * * and also when the wife at the time of the marriage was pregnant by another than the husband, of which he had no knowledge. * * * "

It is apparent, therefore, that had the action here been brought for a divorce, as specified in the last-named section, and the evidence was sufficient to sustain it, the plaintiff would be entitled to such divorce. But the plaintiff insists that his action is not brought under either of these sections of the Code, but is an action in equity on the ground that marriage is a civil contract that can be set aside in equity on the ground of fraud, the same as any other contract. He bottoms his proposition on three of the former decisions of this court, the first being Wier v. Still, 31 Iowa 107. The technical question before us at this point is not raised in the Wier case, that is, whether an action of this kind will lie. We there said:

"We are not prepared to deny that in certain cases, not expressly provided for in the statute, courts may declare void the marriage contract."

In that case the prayer was that the marriage be declared void and annulled. The court dismissed the plaintiff's petition and that action was affirmed in this court.

In the case of Shaw v. Shaw, 92 Iowa 722, 61 N. W. 368, the question arose on an application for allowance of temporary alimony, and the defendant claimed that the marriage was procured

through fraud and threats of the plaintiff and her relatives and friends, and further pleaded a divorce obtained in Dickenson, Stark county, North Dakota, and also that the plaintiff secured the defendant's consent to said marriage by false representations and charges that he had seduced her, and so forth, and that under threat of prosecution for seduction he was induced to marry the plaintiff; and that prior to said marriage the plaintiff was a woman of loose character and unchaste, and was then pregnant by another man. It was held that, so far as these proceedings were concerned, the North Dakota decree should be held to be a binding and valid decree of divorce and that, this being the case, it was manifest that the marriage relation did not exist between these parties when the suit was commenced nor when the application was made for allowance of temporary alimony. The opinion then adds, by way of *obiter dictum*, the following:

"This court has recognized that, even in the absence of a statutory provision therefor, a marriage may be decreed void for fraud and force which induced its consummation."

It will be noticed that in both of these cases what is said about fraud is *obiter dictum*.

In the case of Wallace v. Wallace, 137 Iowa 37, 114 N. W. 527, 14 L. R. A. (N. S.) 544, 126 Am. St. Rep. 253, 15 Ann. Cas. 761, the action was an ordinary action for a divorce on the grounds specified in section 10476, and the statement therein that the concealment of a fact or the misrepresentation thereof is such a fraud on the husband as will void the marriage if he was ignorant of the wife's condition and believed her virtuous is purely *obiter dictum*, as the action there pending was not an action in equity on the ground of fraud to set aside the contract, but was a straight divorce action.

While in the discussion of some of our cases, we have used expressions similar to those above set out, there is no case in this state where we have held with the plaintiff's contention here that he had the right to maintain this independent action in equity. We are furnished with a very elaborate and excellent brief on the proposition that fraud can be used as the basis of an equity action to set aside a marriage where the conditions existed that are alleged in this case, but we have gone to the statutes of the various states from which these cited cases came, and find that, without exception, the statute provides that if the marriage is procured through fraud

(or force), the same may be set aside. This is true of the cases from the states of Washington, Michigan, Minnesota, Oregon, Pennsylvania, California, Wisconsin, New York, Maine, and the District of Columbia, and the statute of Indiana provides that divorce may be granted for any cause where the court shall consider it reasonable and proper. Therefore, the cases cited from these various states under these statutes cannot be considered by us in determining this proposition.

It is our conclusion that, under the situation in which the plaintiff found himself in this case, the statute has provided him a remedy as pointed out in Section 10476, and, so long as the statute has provided the remedy for the condition in which he claims to have found himself, we think that he is bound to follow that remedy and that he has no right to maintain this independent action in equity. We do not say that a condition might not arise in which equity will afford relief under the peculiar facts and circumstances of the case, but we are abidingly satisfied that, where the statute marks out the remedy for conditions existing, that remedy must be followed, and any remedy by way of equity is excluded.

Having concluded that the plaintiff had no right to maintain this action under the general theory of equity, and approved the dismissal of the same on that ground, we do not pass on the correctness of the ruling made by the lower court as to the sufficiency of the evidence to sustain the charge, and thus leave that question open.

The lower court, in the decree dismissing plaintiff's petition, included an allowance of $375 as attorneys' fee for the defendant's attorneys. This being an ordinary action in equity, and not under any of the provisions of the statutes governing divorce and annulment, there is no authority whatever for the allowance of this attorneys' fee.

The motion to strike amendment to abstract is overruled.— Modified and affirmed.

ANDERSON, C. J., and DONEGAN, PARSONS, and RICHARDS, JJ., concur.