## WILDE v. WILDE.

| 36 | 319 |
| f111 | 160 |
| 36 | 319 |
| f132 | 207 |
| 132 | 391 |

1. **Alimony : WHEN ALLOWED.** An action for alimony cannot be maintained as an independent proceeding *after* a divorce. The relation of husband and wife must exist to justify the allowance.

2. —— CHANGE OF DECREE. To justify the court in changing or modifying the decree as affecting the property of the defendant or the question of alimony, in a proceeding supplementary to the divorce action, a change of circumstances since the original decree must be shown.

*Appeal from Pottawattamie District Court.*

THURSDAY, APRIL 10.

ACTION in equity to recover alimony. The petition alleges, that in December, 1871, the parties, who, before, had been

married, were divorced in an action brought by plaintiff in the Pottawattamie district court. Desertion was the ground upon which the divorce was granted, upon default by defendant, and the custody of the only child of the parties was given to plaintiff. In the petition for the divorce, it is alleged, that defendant is the owner of certain lands, which are properly described, and alimony is prayed for and asked to be made a charge on these lands. No provision in regard to alimony was made by the decree, and the matter further than in the petition was not brought to the attention of the court. It is shown that since the divorce plaintiff has had the care of the child, and supported him wholly from her own means and earnings. Plaintiff now claims that the matter of alimony was not brought to the attention of the court when the decree was rendered, because of the fact that it was supposed by her and her counsel that defendant had become divested of the title to the lands described in her petition for a divorce; this belief, it is alleged, existed through mistake and misapprehension. Other averments of the petition need not be stated, as they are not involved in the points ruled. The petitioner presented the case as an independent action, and the relief claimed is, that alimony be, by proper decree, allowed plaintiff, and be made a lien on the lands described therein. A demurrer to this petition was sustained, and upon leave, plaintiff filed an amendment setting out substantially the allegations as above given, and averring further, that when defendant deserted plaintiff, he authorized and directed her to take possession of, and control and dispose of the lands described, for the maintenance of herself and child, and that she has been in possession of the lands remaining unsold since that time. In this amended petition she prays that the original decree of divorce may be modified and enlarged so as to grant her alimony out of the lands, in accordance with the prayer of her petition for divorce.

A demurrer to the amended petition was also sustained. From this ruling plaintiff appeals.

*Sapp, Lyman & Hanna* for the appellant.

*Montgomery & James, E. E. Aylesworth, Mynster & Hight,* for the appellee.

BECK, Ch. J. — I. An action for alimony cannot be maintained as an independent proceeding after a divorce of the parties. The relation of husband and wife must exist to justify a judgment for an allowance of this character to the wife. *Blythe* v. *Blythe,* 25 Iowa, 266.

II. But regarding the case as presented by this amended petition as a proceeding supplementary to the action for divorce for the purpose of modifying the decree therein rendered, affecting the property of defendant, that pleading is defective and the demurrer was properly sustained.

Revision, section 2537 is in these words : " When a divorce is decreed the court may make such order in relation to the children and property of the parties and the maintenance of the wife as shall be right and proper. Subsequent changes may be made by the court in these respects, when circumstances render them expedient."

In *Blythe* v. *Blythe, supra,* which was a proceeding to modify a decree for a divorce so as to allow the wife alimony where no provision had been made for her by the decree, this court uses the following language : " Although the court granting the divorce has, by force of our statute (Rev., § 253), power to make changes in the decree in respect to property and children, yet this power certainly ought not to be exercised only upon such change of circumstances as demand the change in the decree. That is to say, the original decree is conclusive upon the parties as to their then circumstances ; and the power to make changes in the decree is not a power to grant a new trial to retry the same case, but only to adopt the decree to the new or changed circumstances of the parties." Neither the amended or original petition shows change in the circumstances of the parties as to property. It is on the other hand alleged that defendant did own the identical property which is sought to be charged with plaintiff's claim for alimony, at the time of the decree. Not a word is said

about their property, or that the condition of the parties has been in the least changed. But it is claimed that the property described in both the original and amended petition, at the time of the decree, was supposed to have passed from the ownership of defendant. Upon this supposition, though founded in error, plaintiff acted and did not press her claim for alimony. Under the doctrine of the decision just cited the decree is conclusive upon the parties as to the circumstances, and of course as to their rights, at the time it was rendered. This character of the decree will not be destroyed by the fact that plaintiff did, not through ignorance of facts, insist on rights to which she may have been entitled. Plaintiff having obtained all she asked for in the divorce proceeding, cannot now correct the decree on the ground that she could have recovered more had she properly presented her case. Plaintiff does not pretend that she was misled by any deceit or fraud of defendant. She substantially admits in her petition that her ignorance of defendant's title to the land resulted from her own want of diligence. Neither is it pretended that there was any mistake by the court in rendering the decree as to the matter of alimony or defendant's property. Neither matter was brought before the court; plaintiff kept silence in regard to both. In view of these facts and the further consideration that no attempt is made to show a change in the condition or property of the parties, the case is within the rule of *Blythe* v. *Blythe*, and plaintiff, as to alimony, is conclusively bound by the decree. It may be that as to the maintenance of the child of the parties, the decree may be modified, and upon a proper showing an allowance will be made to the plaintiff for that purpose, which may be declared a charge on the land. If she may be so advised and institutes a proper proceeding to recover an allowance for the support of the child, it will be without prejudice from the judgment in this case. And, of course, it will be understood that this proceeding, being regarded as an attempt to modify and change the former decree for causes now existing, as set out in the petition, will not bar a subsequent proceeding wherein may be

shown such changes in the property and condition of the parties as will authorize a modification of the decree. As it was in *Blythe* v. *Blythe*, we do not find it " necessary now to determine whether the plaintiff, not having obtained any decree as to alimony, upon the granting of the divorce, could be entitled, under any circumstances, to alimony now ; that is to say, we do not decide whether the court is authorized to make an entire new decree as to alimony, or only to change a decree as to alimony when such has been made at the time of the decree for divorce."

Affirmed.