. MARVIN v. MARVIN ET AL.

1. **Divorce**: CUTS OFF RIGHT TO DOWER. A woman who has been fully divorced from her husband cannot maintain, against that husband's heirs, an action for one-third of the real estate of which he died seized. Such right belongs only to her who is the wife of the deceased at the time of his death.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 21.

IT appears from the averments of the petition that the plaintiff was married to Wm. Marvin in the State of Ohio in the year 1852, and in 1856 she obtained a divorce from him in that State on her petition, he being the party in fault. Wm. Marvin died in the year 1880. At the time of the marriage and up to the time of his death he was the owner of 160 acres of land in Polk county in this State. The plaintiff claims that she is entitled to one third of said land in fee as the widow of the deceased. The defendants are the heirs at law of Wm. Marvin. There was a demurrer to the petition which was sustained, and plaintiff appeals.

*Detrick & Snell*, for appellant.

*Smith & Morris*, for appellees.

ROTHROCK, J.—A copy of the decree of· divorce is attached to the petition, from which it appears that the divorce was full and complete. The following language is found in the decree: "It is therefore adjudged that the marriage contract existing between the parties be, and the same is, hereby canceled, dissolved and held for naught, and the parties be freed from the obligations of the same." The law of this State must control the descent and distribution of property within the State, no matter where the claimants thereto may reside.

Marvin v. Marvin.

The divorce being absolute, the rights of the parties in property within this State must be determined by our laws.

By section 2440 of the Code, the estate of dower is abolished, but one-third in value of all the real estate of the husband is to be set apart to the wife in fee simple if she survive him. It seems to us if there be no surviving wife, as in case of the dissolution of the marriage relation by a decree of divorce, there can be no distributive share set off. It is a prerequisite to the right that there be a surviving wife. After a divorce either party may again marry. Suppose in this case the husband had again married, and died leaving his lawful wife surviving him, who would be entitled to the distributive share of the estate? Of course it would be the last wife. There cannot be two surviving wives. At common law "no woman can have dower in her husband's lands unless the coverture were continuing at the time of his death." An absolute divorce "puts an end to all rights resting upon the marriage and not actually vested." Bishop on Marriage and Divorce, § 661.

There is no provision of our statute which changes this rule of the common law. On the contrary, by section 2229 of the Code, "where a divorce is decreed, the court may make such order in relation to the children, property, parties and the maintainance of the parties, as shall be right and proper." We think it is the common practice in divorce proceedings in this State to make an equitable division of the property of the parties to the action. Such a proceeding is in harmony with the thought that the rights of the parties in the property of each other are then fixed for all time, unless the decree be modified subsequently because of the changed circumstances of the parties.

We do not think it necessary to further elaborate the case. It appears to us that under our laws it is absolutely essential for plaintiff to show that she was decedent's wife at the time of his death and is his surviving widow. This cannot be shown, because the marriage was dissolved by the decree of divorce.

AFFIRMED.