## BOYLES v. LATHAM ET AL.

1. **Divorce**: CUTS OFF RIGHT OF DOWER. A woman who has been divorced from her husband cannot, after his death, maintain an action for dower in lands conveyed by the husband before the divorce, and in which she at no time relinquished her dower. Divorce cuts off all right to dower. *Marvin v. Marvin* 59 Iowa, 699, followed.

*Appeal from Madison Circuit Court.*

FRIDAY, JUNE 8.

ACTION in equity for the assignment of the alleged distributive share of the plaintiff, Annetta Boyles, in certain land in Madison county. She claims the same as distributee of the estate of one William H. Marble, deceased. The petition shows that the plaintiff was at one time the wife of Marble; that while she was his wife he became the owner of the land in question; that afterward, and while she was still his wife, he sold and conveyed the land to the defendant, Jesse Latham; that she did not join in the deed and has made no relinquishment of her rights.

The defendants for answer, aver among other things, that in December, 1875, the plaintiff procured a divorce from Marble in the state of Illinois, and was not the wife of Marble at the time he died.

To the answer the plaintiff demurred, and the demurrer was overruled, and from the order overruling the demurrer the plaintiff appeals.

*A. W. C. Weeks*, for appellant.

*Ruby & Wilkin*, for appellees.

Keyser v. The K. C., St. J. & C. B. R'y Co.

ADAMS, J.—In *Marvin v. Marvin*, 59 Iowa, 699, the plaintiff had procured a divorce from her husband in the state of Ohio. He afterward died, leaving certain real estate in Iowa. She brought her action against the heirs for the purpose of obtaining her distributive share. It was held that, the marriage relation having been dissolved prior to his death, she was not distributee of his estate. The question in the case at bar differs in no material respect from the question decided in that case. The considerations urged against the correctness of the ruling in *Marvin v. Marvin* have been fully considered, but they are not such as to satisfy us that the case should be overruled.

We think that the answer showed a good defense, and that the demurrer was properly overruled.

AFFIRMED.