Elmendorf v. Elmendorf.

---

## Louise Ten Eyck Elmendorf

### v.

## Henry L. Elmendorf.

[Filed August 31st, 1899.]

1. A judgment *in personam* in a state court without personal service, and in violation of Const. U. S., amend., art. 14, prohibiting the deprivation of a person of property without due process of law, is not valid within the state, and may be collaterally impeached in an action brought in the state court on such judgment

2. A judgment for alimony rendered against a defendant domiciled in another state, without service of process within the state, is a decree fixing a personal liability without "due process of law," prohibited by Const. U. S., amend., art. 14.

On motion to discharge *ne exeat*.

*Messrs. McDermott & Fisk*, for the motion.

*Mr. Howard W. Hayes* and *Mr. Edward H. Duryee, contra*.

Emery, V. C.

Complainant and defendant were married in New Jersey in
1879, and resided in this state as man and wife until 1881, when
defendant left New Jersey and has never since resided here. In

Elmendorf *v.* Elmendorf.

May, 1887, complainant filed a bill against defendant in this court, praying a decree of divorce for desertion and for alimony for the support of herself and child. The bill alleged that defendant resided in Missouri. No personal service of process was made and an order was made reciting that he was a non-resident, and as such notice was personally served on the defendant in the State of Missouri. Defendant did not appear in the cause, and upon a decree *pro confesso* and report of master, a final decree of divorce for desertion was made November 29th, 1887. The final decree gave complainant custody of the child and directed that defendant pay complainant, from the date of the decree, for the maintenance and support of complainant and their child, at the rate of $6 per week. The notice served on defendant stated that the object of the suit was to obtain a divorce and contained no notice that alimony was prayed. On March 13th, 1889, complainant filed a petition alleging that only $20 had been paid up to that time on account of the alimony; that defendant had neglected and refused to pay any further sum, and that $4,768 were due, besides the taxed costs of $62.26; that defendant then resided at Buffalo, in the State of New York; that he was about to come into the state on his arrival from a foreign port and to depart from the state at once, and praying a writ of *ne exeat*. The writ was allowed, bail being endorsed at $1,000, and the defendant was arrested and gave bond to the sheriff, for which subsequently was substituted, under order of the court, a bond to appear in the suit and render himself amenable to the orders and process of the court herein. Motion is now made by the defendant to discharge the *ne exeat* and to deliver up the bond. Defendant's affidavit, served with the notice of the motion, shows that in November, 1882, defendant left his residence in New Jersey and has since that time been a resident of other states, and that at the time of the proceedings for divorce he was a resident of Missouri and was personally served there with notice of this suit for divorce. He has resided in New York from June, 1897, and has never acquired any residence or domicile in New Jersey since 1882. No copy of the final decree was ever served on defendant until

Elmendorf v. Elmendorf.

March 18th, 1899, when he was arrested under the *ne exeat,* and while he was under arrest, and at the same time summons in a suit at law in the supreme court for $8,000 was served. Defendant denies the intention to depart from the state for the purpose of avoiding process. He admits payment of $20 to complainant, but denies that it was paid as alimony or was demanded or claimed as such.

The motion to discharge the writ is based upon two grounds —*first,* that the arrest was an imprisonment for debt and prohibited by the constitution ; *second,* that the decree for alimony and costs was void because defendant, not having been brought within the jurisdiction of the court, an execution or process upon the decree against defendant personally is a deprivation of his liberty within the provisions of the fourteenth amendment to the federal constitution, that no state shall deprive any person of life, liberty or property without due process of law. Judgments of a state court may now be directly attacked as violating this amendment and be held void if rendered without due process of law. In *Pennoyer* v. *Neff, 95 U. S. 714, 733 (1887)*, a judgment *in personam* against a non-resident was held void under this amendment when attacked collaterally, and inasmuch as the decisions of the United States supreme court control state courts as to its construction and application, a judgment within the terms of the amendment as so construed is no longer valid within the state, and its validity under this amendment may be impeached collaterally in an action in the state court upon the judgment. *Eliot* v. *McCormick, 144 Mass. 10; Needham* v. *Thayer, 147 Mass. 536.* If a bill in equity shows no right to relief a *ne exeat* issued thereon will be discharged on motion (*Anschutz* v. *Anschutz, 1 C. E. Gr. 166*), and if the decree for alimony in this case is void under the fourteenth amendment the *ne exeat* should be discharged. In *Hervey* v. *Hervey, 11 Dick. Ch. Rep. 166,* I had occasion to examine the question of the jurisdiction of this court to render a decree for alimony against the husband where the wife was domiciled in this state, and the husband, although also domiciled here, could not be served with process within the state. I concluded that

Elmendorf *v.* Elmendorf.

if the husband's legal domicile was within this state and he had not acquired another domicile elsewhere, the court has jurisdiction to make a decree for alimony on final hearing after defendant had been brought in as an absent defendant under our statute. Where, however, the defendant is non-resident at the time of the proceedings for divorce and is not served with process within the state and does not appear, my conclusion is that a decree for alimony based solely on publication or service out of the state is a decree fixing personal liability or obligations without "due process of law," and is therefore void under the federal constitution. A decree for alimony rendered under such circumstances has generally, if not universally, been held to be without due process under constitutional provisions. *Cooley Const. Lim. (2d ed.) \*406* and cases cited. And inasmuch as the federal constitution, as construed by the supreme court of the United States, is binding upon state as well as federal courts, a decree which is void under that constitution may, on the authority of the above cases, be collaterally attacked in the state courts.

This conclusion, which reaches to the foundation of the decree for alimony, renders it unnecessary to examine the other question raised or the additional question suggested by an examination of the record, viz., whether the decree for alimony should regularly have been entered, when the notice served on defendant, under the statute and rules, failed to state that alimony was prayed, and if not, whether the decree for alimony, having been made without notice or hearing, should be enforced by a *ne exeat.*

The *ne exeat* and the order therefor fixing bail at $1,000 being based on the decree for alimony and intended to secure the future performance of this decree, is therefore invalid and must be discharged. No costs will be allowed against the complainant.