LOUISA LARSON v. JOHN LARSON ET AL.

1. ALIMONY. *Personal judgment.* *Process.* *Code* 1892, § 3421. *Publication only.*

Under code 1892, § 3421, providing for publication of summons for non-resident defendants, a personal judgment for alimony cannot be rendered in favor of a wife against her non-resident husband upon proof of publication only.

2. HUSBAND AND WIFE. *Homestead.* *Conveyance.* *Code* 1892, § 1983. *Insanity.*

A wife cannot maintain a suit to vacate a deed conveying his homestead, in which she did not join, made by her husband after he had abandoned her and the homestead, because of the insanity of the husband at the time of the execution of the deed.

3. SAME. *Ejectment.* *Defense.*

A wife in possession of the husband's homestead, when sued in ejectment by his vendees, may show that he was insane at the time after abandoning her when he executed the deed to the plaintiff.

FROM the chancery court of Harrison county.

HON. STONE DEAVOURS, Chancellor.

Mrs. Larson, the appellant, was complainant in the court below, her husband, John Larson, and his vendees of the homestead, appellees, were defendants there.

The bill of complaint showed the marriage of the complainant to the defendant, John, his abandonment of his wife and removal from Mississippi to Minnesota, and further showed all the necessary facts to entitle the wife to recover a personal decree for alimony, but the husband was served with process only by publication in a newspaper under code 1892 § 3421. The bill further charged that the husband had become insane, and that, after his abandonment of the wife and the homestead, he executed a deed to his codefendants purporting to con-

vey his homestead, in which the wife did not join, conveying the same for a grossly inadequate sum, not exceeding one-fifth its value, and that the vendees in said deed had begun an action of ejectment against complainant for said homestead.

The bill sought an injunction against the ejectment, the cancellation of the deed, a decree for alimony, and prayed that the decree for alimony, temporary and permanent, be adjudged a lien on the homestead.

The chancery court denied all relief, the chancellor delivering a written opinion, holding that the wife had no such interest in the homestead as would enable her to have the deed canceled, citing *Thoms* v. *Thoms,* 45 Miss., 263; *Massey* v. *Womble,* 69 Miss., 347; s.c. 11 So. Rep., 188; *Pounds* v. *Clarke,* 70 Miss., 263; s.c. 14 So. Rep., 22; *Gatti* v. *Supply Co.,* 77 Miss., 754; s.c. 27 So. Rep., 601; *Duncan* v. *Moore,* 67 Miss., 136; s.c. 7 So. Rep., 221. The chancellor further found that John Larson, the husband, was insane, and that alimony could not be granted in this proceeding, because of his insanity, and because he had not been personally served with process.

The bill having been dismissed, the complainant appealed to the supreme court.

*Ford & White,* for appellant.

The case at bar presents a different state of facts and is different in its legal aspect from any of the cases cited by the learned chancellor in support of his position. While, as a rule, the wife has no vested interest or title to the homestead, where the title is in the husband, this case falls squarely within the rule laid down in *Scott* v. *Scott,* 73 Miss., 575. The wife was entitled to a support out of the husband's property, and to that extent she had a property interest in it which would give her standing in a court of equity to protect the title.

There is nothing in either the pleadings or proof to show that Larson was wholly insane, but it is clearly established

that his insanity was only partial, and, even had the learned chancellor been correct in the position that a lunatic can only be sued by having a guardian appointed and making the guardian a defendant, that rule would not apply in this case, from the fact that his insanity was only partial, and was not of such nature as to prevent him from making a defense, but, on the other hand, if it had any effect, it would be to cause him to defend more vigorously.  But we submit that, even if Larson had been wholly insane complainant could have sued without his having a guardian.   16 Am. & Eng. Enc. Law (2d ed.), 601; *Ex parte Northington,* 79 Am. Dec., 67 (37 Ala., 496); *King* v. *Robinson,* 54 Am. Dec., 614 (33 Maine, 114); *Allison* v. *Taylor,* 32 Am. Dec., 68 (6 Danna [Ky.], 87); *Maloney* v. *Dewey,* 11 Am. St. Rep., 133 (127 Ill., 395); *Stigers* v. *Bruet,* 33 Am. Rep., 317 (50 Md., 214).

The position of the chancellor that Larson was not served with process in this state no decree for alimony could be rendered against him, may be sound so far as it relates to a judgment *in personam,* but it is undoubtedly unsound insofar as it denies the right to a judgment *in rem;* for surely no court would hold that a husband, whether wholly sane or not, having valuable property in this state, can abandon his family without cause, and leave them to suffer for the necessaries of life while he lives in affluence in another state upon the income from his property in this state; and because he cannot be served with process in this state the courts are powerless to subject his property to a decree for the support and maintenance of his wife and children.   The chancery court has jurisdiction of a bill filed against a nonresident having property here to redress a wrong, even if the damages are unliquidated.  *Gordon* v. *Warfield,* 74 Miss., 553.

*Harper & Potter* and *Harper & Harper,* for appellees.

The bill makes Larson a defendant, and alleges that he is a nonresident of Mississippi.   He is brought into court by

publication only, without any attachment or seizure of property. It is true that the bill prays for relief against specific property of defendant, but the notice published does not indicate in any way that complainant seeks any relief against any specific property. It is universally held that a demand for alimony or support is a money demand, and, therefore, strictly a suit *in personam,* and not *in rem.* Being a money demand, a decree could not be rendered against Larson therefor without personal service. Now, a suit *in personam* can only be converted into a suit *in rem,* in Missssisippi, against a nonresident, by attachment. The code of 1892, in §§ 486, 488, provides the only way in which land of a nonresident could be subjected to money demands in Mississippi. Those sections must be strictly followed. The case of *Penoyer* v. *Neff* expressly distinguishes such kinds of personal demands and personal actions, from the right that every state has to fix the status of its own citizens and the title to property within its own jurisdiction. There is a manifest distinction between assuming jurisdiction over proceedings to establish title to or rights in land, such as removing clouds from title, partition, foreclosing liens, etc., and, on the other hand, creating and establishing a personal claim to be satisfied out of land. *Bunnell* v. *Bunnell,* 25 Fed. Rep., 215; *Madden* v. *Fielding,* 19 La. Ann., 505; *Ellison* v. *Martin,* 53 Mo., 575; *Prosser* v. *Warner,* 47 Vt., 667.

The wife of an insane person cannot attack the deed of the husband. *Kildee* v. *Myrick,* 12 Fla., 419; *Valfwin* v. *Gold,* 83 N. Y., 115; *McMillan* v. *Deering,* 139 Ind., 70; *Breckinridge* v. *Armsboy,* 11 J. J. Marshall (Ky.), 239; s.c. Am. Dec., 71; *Atwell* v. *Jenkins,* 163 Mass., 362; s.c. 47 Am. St. Rep., 463; *Key* v. *Davis,* 1 Md., 43; *Johnson* v. *Branch,* 62 Am. St. Rep., 862.

Argued orally by *W. A. White,* for appellant, and *W. R. Harper,* for appellee.

---

---

CALHOON, J., delivered the opinion of the court.

No doubt the chancellor below was as reluctant to decide in the way in which he did as we are to sustain him. But we must affirm the decree rendered by him on the authorities cited in his opinion and in the briefs of counsel. Service by publication on a nonresident defendant in suit for alimony is not enough. The law in regard to *in rem* proceedings has no application to the facts of this case. Insanity of a grantor in a conveyance may be shown by the defense in an action of ejectment.

*Affirmed.*