[No. 4627.   Decided August 8, 1903.]

CHARLES K. METLER, *Appellant,* v. MATTIE E. METLER, *Respondent.*

DIVORCE — VACATION OF DECREE.

Under Bal. Code, § 4880, which provides that in judgments based upon service by publication, the defendant may, "except in an action for divorce," be allowed to defend within one year after judgment, the court has no power to vacate a decree of divorce, where there was no want of jurisdiction, nor fraud practiced in the procurement of the decree.

SAME.

The general statutes on the subject of vacation of judgments (Bal. Code, § 4953 *et seq.*), which make no restriction in the case of divorce decrees is superseded in so far as they conflict, by the later enactment of Id., § 4880, which forbids the opening up of decrees of divorce.

SAME — VOID ORDER FOR ALIMONY — CONTEMPT.

A judgment convicting plaintiff of contempt for failure to comply with the order of the court requiring him to pay alimony and suit money was erroneous, where such order was made after the court had wrongfully attempted to vacate a decree of divorce and allow the defendant to interpose a cross-complaint.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge.  Reversed.

*Herbert E. Snook,* for appellant.

*John G. Gray* and *Byers & Byers,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—On January 17, 1902, the appellant obtained a decree of divorce from the respondent in an action in which no personal service of summons was had, the summons being served by publication. The proceedings were in all respects regular; there was a return by the sheriff on the summons to the effect that the defendant could not be found in his county; an affidavit for publication, stating the facts necessary to authorize a publication of summons; proof that the summons had been published for the required time; a default after the time for appearing had expired; and a decree rendered for a cause distinctly stated in the complaint, based on facts found by the court after a trial in which the prosecuting attorney of the county participated. Later on the respondent moved to vacate the decree, and for leave to answer; basing the motion on the files and records of the cause, and on the affidavit of the respondent filed with the motion. The affidavit set out matters which, if found to be true by the court, might have warranted it in vacating the decree, in the exercise of its judicial discretion, were the case one in which a judicial discretion in that regard could be exercised; but it alleged nothing tending to show a want of jurisdiction of the subject-matter, or want of authority to render the particular decree. The appellant appeared and resisted the motion for want of jurisdiction of the court to entertain it. The court, however, overruled his objections, and entered an order vacating the decree and allowing the respondent to answer. An answer was thereupon filed, together with a cross-complaint, in which the

respondent sought a decree of divorce. She also prayed for temporary alimony and attorneys' fees and suit money, all of which the trial court awarded her. The appellant refused to pay these awards, and was cited to appear and show cause why he should not be punished for contempt. He appeared, but failed to make a showing satisfactory to the court, and was found guilty of contempt, and sentenced to be imprisoned in the county jail for a period of thirty days. This appeal is from the last mentioned order.

Of the errors assigned, we have found it necessary to consider but one, namely: the power of the court to vacate the decree of divorce. The Code (Ballinger's, § 4880) provides:

"If the summons is not served personally on the defendant in the cases provided in the last two sections, he or his representatives, on application and sufficient cause shown, at any time before judgment, shall be allowed to defend the action and, *except in an action for divorce,* the defendant or his representative may in like manner be allowed to defend after judgment, and within one year after the rendition of such judgment, on such terms as may be just; . . . ."

It is evident that it was the intention of the legislature by this section to limit the right of a defendant to defend in an action for divorce to a time prior to the entry of the judgment, while it continued the right to defendants in other actions for a period of one year after that time. This means that the trial court has no control over an action for divorce after it has once rendered a decree therein; that while it may vacate judgments in other actions, for good cause shown, if application be made to it within one year, it has no such power over a judgment rendered in an action for divorce. The court can, of course, lawfully vacate such

a decree when entered without jurisdiction, and perhaps where it is the result of fraud practiced on the court or the other spouse, but for reasons which ordinarily call for the exercise of a mere judicial discretion it has no such power. The reasons for making this distinction between judgments in this particular action and judgments in ordinary actions are apparent. A decree of divorce affects the status of the parties, both with respect to their relations to one another and their relations to the public. By the terms of the statute, divorced persons may lawfully marry after a limited time from the rendition of the decree, and to permit its vacation is to make it possible, under the guise of law, to inflict injury and suffering upon persons whose innocence entitles them to every protection the law can afford. It is therefore highly important, not only for the sake of the parties thereto, but also for the sake of such persons, that decrees of divorce should not be granted except for specific causes provided by law, proved and found by the court, in actions where the court has undoubted jurisdiction over the subject-matter and the parties; but it is also equally important that the decree, when once granted, be not disturbed by the court granting it. The construction we now put upon the statute is in accord with that given it by this court in *McCord v. McCord,* 24 Wash. 529, 534 (64 Pac. 748).

The respondent urges, however, that there are other sections of the statute which provide for the vacation of judgments which make no mention of the restriction contained in this section, and hence the order can be sustained as a proceeding under those sections. But § 4880, above mentioned, was enacted subsequent in time to the other sections referred to by the respondent, and must be held to supersede them in so far as it conflicts with them. In this re-

spect it does so conflict, and eliminates decrees of divorce from their operation.

It follows, of course, if the court was without power to vacate the decree of divorce, its order in that respect was void, and its subsequent order for alimony and suit money equally so. The appellant could not be in contempt for refusing to comply with a void order (*State ex rel. News Pub. Co. v. Milligan,* 3 Wash. 144 (28 Pac. 369), and hence the judgment of conviction was erroneous.

The judgment appealed from is reversed and the cause remanded, with instructions to enter a judgment finding the defendant not guilty of the contempt charged.

HADLEY, ANDERS, DUNBAR and MOUNT, JJ., concur.