D. W. McCoy, Appellant, v. J. F. McCoy, Appellee.

**DIVORCE:** Decree Without Alimony Bars Future Alimony. A decree of absolute divorce, *without alimony,* whether the decree be domestic or foreign, bars future action for alimony.

*Appeal from Taylor District Court.*—HOMER A. FULLER, Judge.

JUNE 25, 1921.

SUIT by plaintiff against her former husband, asking a decree for alimony supplementary to her decree of divorce obtained

by her in Arkansas, wherein no alimony was allowed. She also prayed an allowance for the support of a minor child of the marriage. Upon motion of the defendant, the allegations of the petition upon which plaintiff predicated her claims for allowance of alimony to herself were stricken. Plaintiff appeals.—*Affirmed.*

*W. C. Van Houten* and *Wisdom & Kirketeg,* for appellant.

*J. R. Locke,* for appellee.

Evans, C. J.—The parties were married in Iowa, in June, 1898. At some later time, they removed to Arkansas, where the plaintiff obtained a divorce from the defendant, in August, 1919. The ground of the divorce was the alleged desertion of plaintiff by the defendant for one year prior to the bringing of her action. The defendant was served by publication only. He was advised, however, of the pendency of the suit; and, in accordance with the procedure provided in that state, he was warned personally by letter to appear and make his defense. He did not appear. The court, therefore, obtained no personal jurisdiction over him. He had no property in the state of Arkansas, nor, for that matter, in any other state. He was earning a good salary, and could properly have been adjudged to pay some amount of alimony, if the court had had personal jurisdiction of him. The decree of divorce was entered in plaintiff's favor, without any provision therein for alimony. The plaintiff, therefore, has brought this action, and has obtained personal jurisdiction of the defendant. The question presented by the ruling of the court in sustaining the defendant's motion is whether, after absolute decree of divorce has been awarded to plaintiff, either in a court of this state or of any other, she can maintain a second independent suit for alimony. The plaintiff does not question the integrity of her decree of divorce. On the contrary, she asserts it as legal and binding. It is not a case, therefore, where it is sought to set aside a former decree of divorce for the purpose of obtaining a retrial, and of obtaining additional relief thereby.

The argument for the plaintiff is that she could not obtain alimony in the Arkansas court for want of jurisdiction; that the question of alimony, therefore, is not adjudicated; that she is,

therefore, entitled to adjudicate it wherever she can obtain juris-
diction of the defendant. The argument has its plausibility, and
has the support of respectable authorities. There is much in it
that appeals to the sense of equity; and, if it were *res integra*
in this state, it might well command much consideration. On the
other hand, the question is one which has been often considered
by the courts of many states, and it must be said that the great
weight of authority is against the contention of the plaintiff.
In this state, the question is quite foreclosed by our previous
decisions. The question was directly involved in our recent case
of *Spain v. Spain*, 177 Iowa 249, wherein the question is quite
fully discussed. We will not repeat the discussion now. The
cited case is supported by the following of our previous cases:
*Blythe v. Blythe*, 25 Iowa 266; *Wilde v. Wilde*, 36 Iowa 319;
*Marvin v. Marvin*, 59 Iowa 699; *Boyles v. Latham*, 61 Iowa 174;
*Shaw v. Shaw*, 92 Iowa 722. The general ground upon which
these holdings are based was that alimony is an incident of the
marriage relation; that it can only be allowed where the marriage
relation exists; that it may be allowed as a part of the decree of
divorce; that the severance of the marriage relation by absolute
decree, without alimony, terminates the right to alimony.

In cases where the existence of the marriage is in dispute,
a temporary alimony has been denied until such fact be proved.
*York v. York*, 34 Iowa 530; *Wilson v. Wilson*, 49 Iowa 544;
*McFarland v. McFarland*, 51 Iowa 565. A further bar confronts
the plaintiff in the present case. The decree of the Arkansas
court is entitled to full faith and credit in this state, and each
party has a right to invoke it as such. *Bates v. Bodie*, 245 U.
S. 520.

As already indicated, it is urged for the plaintiff that the
Arkansas court was without jurisdiction to award alimony, and
that for that reason the question of alimony should be deemed
not adjudicated. But the plaintiff voluntarily asked for and
obtained from such court a *final* adjudication, which of necessity
adjudicated the full relief to which she was entitled, and thereby
terminated her right to further adjudication or relief. The de-
cree became binding upon the defendant. It was equally bind-
ing upon the plaintiff. We do not overlook a recital in the de-
cree upon which much reliance is placed. It is as follows:

"The court finds that neither of said children nor the plaintiff are possessed of any estate or property, and the defendant owns nothing within this jurisdiction, but is making a salary where he now resides, and should contribute to the support of plaintiff and education of said minor child."

It is urged that this recital was, in effect, a finding of merit for the plaintiff, and an indication that the court would have awarded alimony if it had had jurisdiction. If we assume it as true that the court had no jurisdiction to award alimony, neither did it have jurisdiction to find the facts upon which alimony might have been awarded. Such finding, therefore, is quite nugatory, and cannot be deemed to impeach the finality of the decree. It should be noted that the plaintiff prayed, not only for alimony for herself, but also for the support of her minor child. The question of liability for support of the minor child is quite distinct from the question of alimony for the plaintiff. This part of plaintiff's petition was not assailed by defendant's motion, and is, therefore, not affected by the ruling of the trial court nor by our holding here. We reach the conclusion that the ruling of the lower court must be sustained. Its judgment is, accordingly, affirmed.—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.