## MARY W. DARBY v. HENRY W. DARBY.*

### (*Nashville.* December Term, 1925.)

1. **DIVORCE. Chancellor could not award alimony, where service on defendant constructive only.**

Where, in divorce suit, defendant was before court by constructive service only, and no property of defendant was impounded, chancellor was without jurisdiction to award complainant alimony. (*Post, pp.* 291, 292.)

Cases cited and approved: Bunnell v. Bunnell, 25 F., 214; De la Montaya v. De la Montaya, 112 Cal., 101; Murray v. Murray, 115 Cal., 266; Lytle v. Lytle, 48 Ind., 200; Sowders v. Edmund, 76 Ind., 123; Baker v. Jewell, 114 La., 726; Larson v. Larson, 82 Miss., 116; Anderson v. Anderson, 55 Mo. App., 268; Dillon v. Starin, 44 Neb., 881; Hervey v. Hervey, 56 N. J. Eq., 166; Smith v. Smith, 74 Vt., 20; Elmendorf v. Elmendorf, 58 N. J. Eq., 113; Fleming v. West, 98 Ga., 778.

2. **DIVORCE. Petition for alimony, after divorce decree, held demurrable.**

Where divorce was obtained in suit in which defendant, a nonresident, received constructive servise only, and later, upon defendant's return to jurisdiction, complainant, by petition, attempted to obtain alimony, *held*, a demurrer, on ground that complainant had no claim on defendant for maintenance or support because she was divorced from him, should have been sustained. (*Post, pp.* 292-300.)

3. **DIVORCE. Petition for alimony, after unenforceable decree for same in divorce suit, held not original bill.**

Where, in divorce suit in which nonresident defendant received constructive service only, an unenforceable decree for alimony was awarded, and cause retained in court for enforcement of decree

---

*On power to grant alimony in a divorce proceeding without personal service of process, see note in 9 L. R. A. (N. S.), 593.

Darby v. Darby.

whenever necessary, and, upon defendant's return to jurisdiction, complainant filed petition asking alimony, *held*, petition cannot be treated as an original bill for alimony. (*Post, pp.* 292-300.)

4. DIVORCE. Prayer for alimony ignored, where defendant received constructive service, and no property impounded.

Where alimony was prayed for in divorce suit in which defendant received constructive service only, and no property of defendant had been impounded, *held*, bill must be treated as for divorce only, as if no alimony had been prayed for. (*Post, pp.* 292-300.)

Cases cited and approved: Cameron v. Cameron, 31 S. D., 335; Downey v. Downey, 98 Ala., 373; Bowman v. Worthington, 24 Ark., 522; O'Brien v. O'Brien, 124 Cal., 422; O'Brien v. O'Brien, 130 Cal., 409; Hall v. Hall, 141 Ga., 361; Blythe v. Blythe, 25 Iowa, 266; Wilde v. Wilde, 36 Iowa, 319; Campbell v. Campbell, 115 Ky., 656; Moross v. Moross, 129 Mich., 27; Kamp v. Kamp, 59 N. Y., 212; Weidman v. Weidman, 57 Ohio, St., 101; Ambrose v. Moore; 46 Wash., 463; Metler v. Metler, 32 Wash., 494; Marvin v. Marvin, 59 Iowa, 699; Boyles v. Latham, 61 Iowa, 174; Shaw v. Shaw, 92 Iowa, 722.

Cases cited and distinguished: Howell v. Howell, 104 Cal., 45; McFarlane v. McFarlane, 43 Or., 477; McCoy v. McCoy, 191 Iowa, 973; Spain v. Spain, 177 Iowa, 249; Eldred v. Eldred, 62 Neb., 613.

5. DIVORCE. Right to Alimony lost, if divorce obtained on constructive service of process.

Where complainant secured divorce from nonresident husband, on constructive service, instead of securing it in the State of his residence, where personal service could be obtained, she deprived herself of right to decree for alimony. (*Post, pp.* 300, 301.)

Case cited and approved: Toncray v. Toncray, 123 Tenn., 476.

---

*Headnotes 1. Divorce, 19 C. J., Section 503; 2. Divorce, 19 C. J., Section 572; 3. Divorce, 19 C. J., Section 572; 4. Divorce, 19 C. J., Section 503; 5. Divorce, 19 C. J., Section 572.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—Hon. Israel H. Peres, Chancellor.

W. F. Murrah, for complainant.

Wilson, Gates & Armstrong and Robert B. Goodwin, for Henry W. Darby.

Mr. Justice Hall delivered the opinion of the Court.

The bill in this cause was filed by complainant, Mrs. Mary W. Darby, April 19, 1922, against her husband, Henry W. Darby, in the chancery court of Shelby county, seeking an absolute divorce and alimony from him upon three grounds:

(1) Habitual drunkenness contracted since their marriage, which occurred October 10, 1921, in Davidson county, Tenn.; (2) adultery; and (3) abandonment and failure to provide for her.

The bill alleged that the defendant was a nonresident of the State, and prayed that publication be made for him, which was done.

The defendant having failed to appear and make defense to the bill, an order *pro confesso* was taken against him, and the cause set for hearing *ex parte* as to him.

The cause coming on to be heard June 14, 1922, upon the bill, order *pro confesso,* and oral proof offered by the complainant, the chancellor granted to complainant an absolute divorce, dissolving the bonds of matrimony subsisting between complainant and the defendant.

It was further ordered by the chancellor that the defendant pay the solicitor for complainant the sum of

152 Tenn.—19.

$100, the same being a reasonable fee for his services in said cause, and that he pay to complainant as alimony the sum of $200 per month, the "same being a reasonable portion of the earning capacity of the defendant," and the costs of the cause.

The decree made this further order: "This cause will be retained in court for the enforcement of this decree whenever necessary, and either party has leave to apply."

On June 16, 1923, complainant filed a petition in said cause, alleging the rendition of said decree for divorce and alimony, and further alleged that the defendant had come within the jurisdiction of the court since the rendition of said decree; and the petition prayed that the defendant be ordered to pay her such an amount for her support and maintenance as should be determined by the chancellor to be just and reasonable.

The defendant was duly summoned to answer or make other defense to said petition, and he filed a demurrer thereto setting up three grounds of defense. The first and third grounds of the demurrer were sustained by the chancellor, but the second ground was overruled, and the defendant has appealed to this court. The substance of the second ground of the demurrer was that the petition did not state a cause of action, in that complainant was the divorced wife of the defendant at the time the petition was filed, and therefore had no claim against him for maintenance or support.

As before stated, the chancellor overruled this ground of the demurrer. He held, however, that the award for alimony in the divorce decree without personal service on the defendant, or without any property having been impounded, was a nullity, and that the same was true of

that portion of the decree retaining the cause in court that said award for alimony might be enforced, but that the petition filed in the divorce suit should be treated as an original bill, and that the demurrer going to the juris-diction of the court to entertain said petition for alimony as an original bill should be overruled, and decree was entered accordingly.

The defendant has filed two assignments of error in this court:

(1) "The court below erred in overruling defendant's second ground of demurrer, thereby holding that the complainant's petition could be treated as an original bill for alimony filed more than a year after the entry of the decree dissolving the bonds of matrimony.

(2) "The court erred in allowing the petition to stand as an original bill instead of dismissing it as a form not permitted by the rules of equity pleading."

If we understand the position of counsel for complainant, it is conceded that the chancellor was without juris-diction to award complainant alimony in the divorce suit; the defendant not being before the court by service of personal process, but only by constructive service, and no property of the defendant being impounded. However, whether this is conceded or not, it is nevertheless the law.

In 1 Ruling Case Law, section 24, p. 884, it is said: "Owing to the fact that an action for divorce is in the nature of a proceeding *in rem,* under certain circum-stances a court may render a valid decree of divorce al-though it never acquired actual jurisdiction of the per-son of the defendant. Such jurisdiction, however, though sufficient to support a decree changing the marital *status,*

will not necessarily sustain a judgment for alimony and costs. A judgment for the latter cannot be supported on the ground that they are mere incidents of, and subordinate to, the right to a divorce; for a decree for the payment of money as alimony is essentially one *in personam*, and is therefore totally void in the absence of actual jurisdiction over the person or property of the one against whom it is awarded.''

To the same effect is the holding of the court in *Bunnell* v. *Bunnell* (C. C.), 25 F., 214; *De la Montanya* v. *De la Montanya*, 112 Cal., 101, 44 P., 345, 32 L. R. A., 82, 53 Am. St. Rep., 165; *Murray v. Murray*, 115 Cal., 266, 47 P., 37, 37 L. R. A., 626, 56 Am. St. Rep., 97; *Lytle* v. *Lytle*, 48 Ind., 200; *Sowders* v. *Edmunds*, 76 Ind., 123; *Baker* v. *Jewell*, 114 La., 726, 38 So., 532; *Larson* v. *Larson*, 82 Miss., 116, 33 So., 717; *Anderson* v. *Anderson*, 55 Mo. App., 268; *Dillon* v. *Starin*, 44 Neb., 881, 63 N. W., 12; *Hervey* v. *Hervey*, 56 N. J. Eq., 166, 38 A., 767; *Smith* v. *Smith*, 74 Vt., 20, 51 A., 1060, 93 Am. Rep., 882; *Elmendorf* v. *Elmendorf*, 58 N. J. Eq., 113, 44 A., 164; *Fleming* v. *West*, 98 Ga., 778, 27 S. E. 157.

The chancellor treated the petition filed June 16, 1923, as an original bill for alimony, though he held that the previous decree as to alimony was a nullity and could not be enforced.

This holding amounted to nothing more or less than a holding that a complainant in a divorce suit can secure an absolute divorce without alimony, and thereafter sue her divorced husband for alimony in an independent action, or by a petition in the nature of an original bill filed in the same action, after the entry of the decree dissolving the bonds of matrimony.

It is contended by the defendant that it was the duty of complainant, if she desired alimony from him, to sue him for divorce at a place and in a court where she could get such relief; but having selected to sue him in this State, which was not the State of his residence, as alleged by her in her bill for divorce, and in which court she could not have a valid decree for alimony because the defendant was only before the court by constructive service, though she could have and was decreed a valid divorce from her husband, she cannot now, in an independent action, recover of him alimony.

We are of the opinion that the chancellor committed error in overruling the defendant's second ground of demurrer to complainant's petition, and in holding that said petition may be treated in the nature of an original bill for alimony. We think the original bill for divorce must be treated as a bill for divorce only. In other words, in view of the fact that the defendant was only before the court by constructive service, and no property belonging to the defendant having been impounded, the bill stood as if no alimony had been prayed for.

In *Cameron* v. *Cameron,* 31 S. D., 335, 140 N. W., 703, Ann. Cas., 1915 D, 1062, it was held that where no alimony was sought or obtained when a divorce was awarded the wife the judgment is conclusive on the subject of alimony and allowances, for, as none was ordered in the judgment, the court cannot subsequently order an allowance under Civil Code, section 92, providing that, where a divorce is granted for the offense of the husband, the court may allow alimony, and may, from time to time, modify its orders in these respects.

To the same effect is the holding of the court in *Downey* v. *Downey,* 98 Ala., 373, 13 So., 412, 21 L. R. A., 677; *Bowman* v. *Worthington,* 24 Ark., 522; *Howell* v. *Howell,* 104 Cal., 45, 37 P., 770, 43 Am. St. Rep., 70; *O'Brien* v. *O'Brien,* 124 Cal., 422, 57 P., 225; *O'Brien* v. *O'Brien,* 130 Cal., 409, 62 P., 598; *Hall* v. *Hall,* 141 Ga., 361, 80 S. E., 992; *Blythe* v. *Blythe,* 25 Iowa, 266; *Wilde* v. *Wilde,* 36 Iowa, 319; *Campbell* v. *Campbell,* 115 Ky., 656, 74 S. W., 670; *Moross* v. *Moross,* 129 Mich., 27, 87 N. W., 1035; *Kamp* v. *Kamp,* 59 N. Y., 212; *Weidman* v. *Weidman,* 57 Ohio St., 101, 48 N. E., 506; *McFarlane* v. *McFarlane,* 43 Or., 477, 73 P., 203, 75 P., 139; *Ambrose* v. *Moore,* 46 Wash., 463, 90 P., 588, 11 L. R. A. (N. S.), 103; *Metler* v. *Metler,* 32 Wash., 494, 73 P., 535; *McCoy* v. *McCoy,* 191 Iowa, 973, 183 N. W., 377; *Spain* v. *Spain,* 177 Iowa, 249, 158 N. W., 529, L. R. A., 1917D, 319, Ann. Cas., 1918E, 1225; *Eldred* v. *Eldred,* 62 Neb., 613, 87 N. W., 340.

In *Eldred* v. *Eldred,* supra, plaintiff and defendant were married in Iowa in 1880, where they resided for about three years and then moved to Saline county, Neb., where they made their home for several years. Finally they moved in Mercer county, Ill., where they purchased residence property, which, for a time, they made their home. Finally defendant returned to Nebraska, leaving his wife and children behind, and in June, 1896, the plaintiff, Mrs. Eldred, applied to the circuit court of Mercer county, Ill., for a divorce from the defendant and for alimony. Service of process was had upon the defendant by publication, but he did not appear in the case. Plaintiff was granted a decree of divorce, given the custody of their minor children, and the residence was awarded to her as alimony. Subsequently the plaintiff instituted an independent ac-

tion in the district court of Saline county, Neb., to recover alimony and for the education and support of their two minor children. A decree was entered dismissing the cause, but without prejudice to a future suit for the sup port of the minor children. The plaintiff appealed. In disposing of the case, the Supreme Court of Nebraska said:

"The marriage relation that existed between the present plaintiff and defendant has been dissolved by a court of plaintiff's own selection. They are no longer husband and wife. The duty and obligation that once existed to support and maintain the plaintiff does not now rest upon the defendant. He is no longer her husband, and no legal obligation is imposed upon him to provide for her maintenance; hence there exists no right to alimony" —the court citing numerous authorities to support its holding.

The court concluded its opinion by saying:

"She made her own choice of forum, and is barred by the adjudication as to her own maintenance and support."

In *McFarlane* v. *McFarlane,* supra, which was a proceeding to alter a decree, the facts were that on February 24, 1899, the plaintiff commenced, in the circuit court of Marion county, Ore., a suit against the defendant for the dissolution of the marriage contract existing between them, in which she demanded one-third of his real prop erty, particularly describing it, $1,000 as permanent alimony, $200 as attorney's fees, and $50 per month for the support of their minor children. The defendant having left the State prior to the commencement of such suit, the summons was served by publication, and, not having returned or answered, a decree was rendered March 24,

1902, dissolving the bonds of matrimony, awarding the plaintiff the custody of the minor children, one-third of said real property, and her costs and disbursements, without other relief. Neither party appealed from said decree, and the plaintiff subsequently intermarried with one W. D. Claggett, and on February 5, 1903, filed a peti· tion in the original suit, stating, in effect, the facts here- inbefore detailed, and that the defendant, before said suit was brought, collected about $5,000 in money, and went to Ontario, Canada, leaving her and their minor children without money or means of support, and re- mained out of the State for more than three and one-half years, and until said divorce was granted; that, since the defendant's said departure from the State, he had never aided in the maintenance of his minor children, though amply able to do so, and that plaintiff· has been com- pelled to support them; that defendant was then a res- ident of said county, and could be personally served, and plaintiff prayed that a citation be issued requiring him to appear and show cause, if any he had, why the several sums stated in her complaint should not be allowed her, and, at the hearing, that the decree in the divorce suit be modified so as to require him to pay said sums. The court having made the order prayed for, which being served upon the defendant, he appealed specially, and moved to set aside the proceedings, on the ground that the court had no jurisdiction of the subject-matter, or his person, but the motion having been overruled, and there being no answer or other plea, the relief prayed for in the petition was granted, and defendant appealed. In disposing of the case, the Supreme Court of Oregon said:

Darby v. Darby.

''A suit for a divorce, so far as it affects the marital *status* of the parties, is a proceeding *quasi in rem,* but so far as it relates to collateral matters, such as alimony and costs, it is *in personam.* 2 Bishop, Mar. Div. & Sep., sections 23, 36, 79; 2 Black, Judg., section 933; Cooley, Con. Lim. (6th Ed.), 499; 2 Freeman, Judg. (4th Ed.) sections 584, 586. The plaintiff, observing this rule, took no decree in the divorce suit for alimony, support of the minor children, or attorney's fees, but, having waited until the defendant returned to this State, she instituted this proceeding, and the question to be considered is whether it is maintainable. A text-writer, speaking upon this subject, says: 'When the court has allowed the suit to be dismissed, or has finally entered its decree, it has no further jurisdiction over the parties or the subject-matter, except so far as this is reserved by itself or by statute.' Stewart, Mar. & Div. section 366. This author further says: 'But a decree of divorce *a vinculo* is final, and the jurisdiction of the court over the parties is, after the expiration of the term, at an end; and just as there can be no grant of alimony after such a divorce, so there can then be no change in the award of alimony, unless the right to make such change is reserved by the court in its decree, as it may be, or is given by statute, as it often is.' Stewart, Mar. & Div., section 376. The summons having been served by publication, the court was powerless to grant any relief *in personam,* and, no jurisdiction of the subject-matter having been reserved in the decree, the court's resumption thereof, if the right exists after the close of the term at which the decree was rendered, must be found in the statute quoted.''

The court then proceeded to cite the case of *Howell* v. *Howell,* supra, which presented a similar question for the determination of the court, and the court held that that the lower court was without jurisdiction to make the order appealed from, saying:

"A judgment in a divorce suit settling the property rights of the parties, after the time for appealing there from has expired, is as final as any other kind of a judg-ment, except so far as the power to modify it is given by statutory provision. Of course, when we speak of final judgment, we mean one which does not upon its face re-serve jurisdiction (when that can be done) to make a supplemental decree, in which case it is not final. In the case at bar there was no such reservation; it was final in form and substance. And there is no statutory provision giving jurisdiction to make the order appealed from."

In *Spain* v. *Spain,* supra, the court said: "In this coun-try, and especially in this State, a divorce absolutely dissolves the marriage *status,* and the duty of support no longer exists. Alimony is allowed in such cases in lieu of dower and prior duty to support, and there can be no review of the decree awarding it, or refusing, deny-ing, or failure to award it, save for such fraud or mistake as would authorize the setting aside or modification of any decree. This is the holding of the best considered cases in this country."—citing numerous cases in sup-port of its holding.

In *McCoy* v. *McCoy,* supra, the court said: "The ar-gument for the plaintiff is that she could not obtain alimony in the Arkansas court for want of jurisdiction; that the question of alimony, therefore, is not adjudi-

cated, that she is therefore, entitled to adjudicate it wherever she can obtain jurisdiction of the defendant. The argument has its plausibility and has the support of respectable authorities. There is much in it that appeals to the sense of equity, and, if it were *res integra* in this State, might well command much consideration. On the other hand, the question is one which has been often considered by the courts of many States, and it must be said that the great weight of authority is against the contention of the plaintiff. In this State the quesion is quite foreclosed by our previous decisions. The question was directly involved in our recent case of *Spain* v. *Spain,* 177 Iowa, 249, 158 N. W., 529 [L. R. A., 1917D, 319, Ann. Cas., 1918E, 1225], wherein the question is quite fully discussed. We will not repeat the discussion now. The cited case is supported by the following of our previous cases: *Blythe* v. *Blythe,* 25 Iowa, 266; *Wilde* v. *Wilde,* 36 Iowa, 319; *Marvin* v. *Marvin,* 50 Iowa, 699, 13 N. W., 851; *Boyles* v. *Latham,* 61 Iowa, 174, 16 N. W., 68; *Shaw* v. *Shaw,* 92 Iowa, 722, 61 N. W., 368. The general ground upon which these holdings are based was that alimony is an incident of the marriage relation; that it can only be allowed where the marriage relation exists; that it may be allowed as a part of the decree of divorce; that the severance of the marriage relation by absolute decree without alimony terminates the right to alimony.''

The court further said in that case: ''As already indicated, it is urged for the plaintiff that the Arkansas court was without jurisdiction to award alimony, and that for that reason the question of alimony should be deemed as not adjudicated. But the plaintiff voluntarily asked for and obtained from such court a final adjudi-

cation which of necessity adjudicated the full relief to which she was entitled and thereby terminated her right to further adjudication or relief. The decree became binding upon the defendant. It was equally binding upon the plaintiff.''

This cause is easily distinguishable from *Toncray* v. *Toncray*, 123 Tenn., 476, 131 S. W., 977, 34 L. R. A. (N. S.), 1106, Ann. Cas., 1912C, 284. In that case the husband deserted his wife, leaving her penniless with a family of six helpless children to support, went to the State of Virginia, and, after residing there several years, filed a bill in the circuit court of Wise county, Va., against his wife and obtained a divorce from her upon the ground of alleged willful abandonment of him by her. The decree for divorce was based upon publication, without service of process upon the wife, or any actual notice to her, and manifestly in fraud of her rights. While this court held that the Virginia decree was valid, in so far as it served to dissolve the bonds of matrimony existing between complainant and defendant, but that said decree, rendered without service of process on complainant, or other notice, and there being no appearance by her, did not deprive complainant of her right to sue for alimony in this State, in an independent action. In that case the suit for divorce was brought by the husband in a court of his own selection, and the wife was not apprised of the proceeding, and was afforded no opportunity to assert and protect her rights and therefore this court held that she was not bound by the decree so far as alimony was concerned, but, in the instant cause, complainant chose the forum in which to institute her suit for divorce against the defendant, and, not having the defendant

before the court by personal service of process, no valid decree could be rendered against him in her favor for alimony. In other words, by the action taken, she deprived herself of the right to have a decree for alimony. She could have brought her suit for divorce against defendant in the State of his residence and had him served personally with process, and could have asserted her right to alimony. This she did not do. She is therefore in exactly the same situation that she would have been in had she secured her divorce in this State and then moved into the State of the defendant's residence and sued him for alimony—that would have been the McCoy case, hereinbefore cited, precisely. But she did practically the same thing; she secured the divorce and then waited until the defendant returned to Tennessee before she brought suit against him for alimony. This she could not do under the overwhelming weight of authority in this country.

It results that the decree of the chancellor will be reversed, the second ground of defendant's demurrer will be sustained, and complainant's petition is dismissed, with costs.