191 So.2d 840 (1966)
Eddie Howard JOHNSON
v.
Mrs. Mary Helen JOHNSON.
No. 44130.
Supreme Court of Mississippi.
November 14, 1966.
*841 Thomas W. Sanford, King & Powell, Jackson, for appellant.
Alford & Mars, Philadelphia, for appellee.
RODGERS, Justice:
This is a divorce suit, and the only issue before this Court on appeal is whether or not the chancery court had jurisdiction of the action.
Mrs. Mary Helen Johnson brought a divorce suit against her husband, Eddie Howard Johnson, in which she alleged that: "complainant is an adult resident citizen of Neshoba County, Mississippi, and has (had) been for more than one year next prior to the date of the filing of this Bill of Complaint; that the defendant, Eddie Howard Johnson, is an adult non-resident of the State of Mississippi." She charged in her bill of complaint that she was forced to separate from her husband on the 14th day of October 1965. The bill for divorce was filed on October 15, 1965. The statutory affidavit attached to the bill stated that: "Affiant further states on oath that the defendant is a non-resident of the State of Mississippi, whose post office and street address is 5018 Hauck Drive, New Orleans, Louisiana." The defendant was summoned by a nonresident publication. Thereafter, on November 22, 1965, the defendant, Eddie Howard Johnson, filed a motion to dismiss the suit in which he alleged: (1) that the complainant "has not complied with Section 2736 Mississippi Code 1942, and all amendatory acts thereto"; (2) that the complainant has not been an actual bona fide resident within the State for one year next preceding the commencement of this suit; (3) that both parties were resident citizens and registered voters in the Parish of Orleans, State of Louisiana, on the 14th of October 1965, the date of the alleged separation; (4) that complainant and defendant own a home in Louisiana; and (5) that the bill was not filed in Louisiana, the defendant's home, and is therefore defective.
Copies of certificates of citizenship and registration to vote in the Parish of Orleans, State of Louisiana, signed by both parties and dated the 6th of October 1965, and also a certified copy of a deed to a home and lot located in Parish of St. John the Baptist, Louisiana, were attached to the motion as exhibits. The motion was not verified, nor were the attached exhibits authenticated as required by Mississippi Code Annotated section 1747 (1956).
The movant, Eddie Howard Johnson, did not appear in the Chancery Court of Neshoba County, Mississippi, except by attorney. When the motion was presented to the court, the movant called Mrs. Mary Helen Johnson as an adverse witness in an effort to sustain the allegations of the motion with reference to the domicile of the husband.
Mrs. Johnson admitted that she and her husband had purchased a house in which to live in Louisiana. She also admitted that she and her husband had registered to vote in Louisiana. She testified that her husband was a nonresident of Mississippi, and that he lived in the house they purchased in Louisiana. She also testified that she left her husband on October 13, 1965, for the purpose of visiting with her family in Neshoba County, Mississippi, and that thereafter she decided to get a divorce. She filed her bill for divorce the next day in Neshoba County on October 14, 1965.
On the other hand, she testified that her husband was a member of the National Guard in Neshoba County, and that he made regular monthly trips to Neshoba County for the purpose of attending National Guard drills. She testified that Mr. Johnson had lived in the home of his family in Neshoba County until he finished school, and after she and Mr. Johnson married, *842 they moved to Louisiana in order to obtain employment. In answer to the question: "Did Mr. Johnson ever intend for it (Louisiana) to be his home?", she replied: "No, sir."
Did these facts show conclusively that Mr. Johnson had changed his domicile to Louisiana?
Where one moves to another state and the question arises as to whether he intends to change his domicile, all the facts and circumstances which may indicate his purpose are admissible in evidence. The exercise of political rights, admissions, declarations, the acts of purchasing a home and long-continued residency are circumstances indicative of his intention to abandon his domicile of origin and to establish a new domicile. 25 Am.Jur.2d Domicil §§ 24, 30, 84, 90, 94 (1966); 28 C.J.S. Domicile § 17 (1941).
The presumption that when a man lives with his family, his residence is his domicile, may be explained and the presumption rebutted. Jones v. State ex rel. McFarland, 207 Miss. 208, 42 So.2d 123 (1949); May v. May, 158 Miss. 68, 130 So. 52 (1930); McHenry v. State ex rel. Rencher, 119 Miss. 289, 80 So. 763 (1919); Hairston v. Hairston, 27 Miss. 704 (1854); 25 Am.Jur.2d Domicil § 85 (1966); 28 C.J.S. Domicile § 16 (1941).
The testimony of Mrs. Johnson that her husband still claimed Neshoba County as his domicile, although they had purchased a residence in Louisiana and had registered to vote there, is uncontradicted by the appellant. Mr. Johnson offered no proof to show that he had made any declaration as to his change of domicile, or that he intended to abandon his domicile of origin in Mississippi for a domicile of choice in Louisiana.
In the case of Jones v. State ex rel. McFarland, supra, this Court pointed out that:
"`domicil' and `residence' are not synonymous or controvertible terms, as for instance in an attachment proceeding where the defendant may have a domicil in this state and at the same time be residing for an indefinite period of time in another state for regaining his health or some other like purpose, so as to be inaccessible for the personal service of process upon him, and therefore a non-resident within the meaning of our attachment law." 207 Miss. at 213, 42 So.2d at 125.
Mrs. Johnson made out a prima facie case by her testimony showing jurisdiction in the Chancery Court of Neshoba County, Mississippi, by testifying that her husband had not intended to make his permanent home in Louisiana. He did not rebut this testimony.
Mr. Johnson might have introduced proof on the motion to show his domicile of choice without having waived the court's lack of jurisdiction by his special appearance. Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964).
Before a domicile of choice can be established, it must be shown by the evidence that there was an intent to abandon the domicile of origin. Lynch v. Lynch, 210 Miss. 810, 50 So.2d 378 (1951); Smith v. Deere, 195 Miss. 502, 16 So.2d 33 (1943); Smith v. Smith, 194 Miss. 431, 12 So.2d 428 (1943).
The chancellor decided that Mr. Johnson's domicile of origin had not been changed to Louisiana as his domicile of choice. Since there was no evidence to contradict the testimony of Mrs. Johnson, we are of the opinion that the chancellor was not manifestly wrong in holding that he had jurisdiction of the cause of action.
We are however constrained to take notice of a plain error appearing in the decree of the court in the instant case, although this error was not pointed out in the briefs on appeal. Miss. Rule 6(b).
The decree of the chancery court allowed support money for their minor child and use of a 1964 Mercury Monterey automobile; this was error. The defendant *843 was not personally served with process. He was summoned by publication. The chancery court did not have jurisdiction of his person, although he filed a motion to test the jurisdiction of the court. Mladinich v. Kohn, supra. In Bunkley and Morse's Amis Divorce and Separation in Mississippi, section 6.02 at page 181 (1957), it is said: "A decree for the payment of money as alimony is essentially one in personam, and therefore totally void in the absence of actual jurisdiction over the person or the property of the one against whom it is awarded." Darby v. Darby, 152 Tenn. 287, 277 S.W. 894, 42 A.L.R. 1379 (1925); Larson v. Larson, 82 Miss. 116, 33 So. 717 (1903); Griffith, Miss. Chancery Practice, § 48 (1925). Also compare Cox v. Cox, 183 So.2d 921 (Miss. 1966).
The decree of the chancery court in the instant case will be affirmed insofar as it grants a divorce and custody of their minor child, but will be modified so as to strike out of the decree any reference to support for their minor child.
Decree modified, and affirmed as modified.
GILLESPIE, P.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.